## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **Erika Jacobs,** | **Case No. 4:24CV793** |
| **Plaintiff,** | |
| **-vs-** | **JUDGE PAMELA A. BARKER** |
| **Mercy Health St. Joseph Warren Hospital,** | **MEMORANDUM OPINION & ORDER** |
| **Defendant** | |

Currently pending is Plaintiff Erika Jacobs' "Motion to Remove Judge Jennifer Dowdell Armstrong as Presiding Judge over the Case." (Doc. No. 30.) For the following reasons, Plaintiff's Motion is DENIED.

## I.     Procedural Background

Plaintiff Erika Jacobs ("Plaintiff" or "Jacobs") filed a *pro se* Complaint and Motion for Leave to Proceed *In Forma Pauperis* in the United States District Court for the Southern District of Ohio on May 2, 2024. (Doc. No. 1, 4.) That same day, the Southern District of Ohio transferred the case to this Court, where it was assigned to the undersigned. (Doc. No. 2.)

In her Complaint, Jacobs alleges that, in July 2023, she relocated from Chicago, Illinois to Warren, Ohio to accept a position as a "Technologist" at Defendant Mercy Health St. Joseph Warren Hospital ("Defendant" or "Mercy Health"). (Doc. No. 4 at PageID# 18.) Jacobs alleges that she was on time for work the majority of the time but that she was tardy on a couple of occasions due to difficulty obtaining transportation. (*Id*.) Jacobs alleges that her supervisors told her "it was ok" and "not to worry about it." (*Id*.) On August 17, 2023, however, Jacobs was given a written "write up"

for tardiness.  (*Id.* at PageID# 6.)  Jacobs alleges that her supervisor, Mike Mace, "brought the Plaintiff in for a written write up in retaliation for her requesting CAP surveys be done after training in all departments of the laboratory and for her statement to the Hematology manager about the unfairness of the Hematology training module."  (*Id.*)  Jacobs further alleges that "based on the grounds that [she] was African American, [she] was declared unjustly insubordinate."  (*Id.*)  Jacobs alleges that, rather than a written write up, she should have been given a verbal warning.  (*Id.*)  Instead, Jacobs was fired on August 17, 2023 and escorted out of the building by the police.  (*Id.*)  Although not entirely clear, it appears that Jacobs is alleging claims for race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.  (*Id.* at PageID# 4.)

On June 24, 2024, the undersigned referred the instant action to Magistrate Judge Jennifer Dowdell Armstrong for general pretrial supervision, including overseeing service, conducting a Case Management Conference, overseeing the discovery process, and resolving all non-dispositive motions.  (Doc. No. 7.)  On that same date, Judge Armstrong granted Jacobs' Motion to Proceed *In forma Pauperis*. (Doc. No. 6.)

On September 4, 2024, Judge Armstrong conducted a Case Management Conference ("CMC").  (Doc. No. 12.)  During the conference, Judge Armstrong noted that "Defendant did not agree to waive service."  *See* Non-Doc Minute Order dated Sept. 4, 2024.  Judge Armstrong ordered that "[c]onsistent with Fed. R. Civ. P. 4(c)(3), an original summons will be issued to the U.S. Marshal for service upon Defendant."[1]  (*Id.*)  The docket reflects that the Court issued the original summons

---

[1] Local Rule 4.1(a) provides, in relevant part, that "[w]here a plaintiff has been granted leave to proceed *in forma pauperis*, the U.S. Marshal shall be directed to serve the summons and complaint, pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3)."

to the U.S. Marshal for service upon Defendant that same day.  (Doc. No. 11.)  Judge Armstrong also issued a CMC Order, in which she assigned the case to the Standard Track and set the following deadlines: (1)  initial disclosures to take place on October 11, 2024; (2) pleadings to be amended by November 25, 2024; (3) motions directed at the pleadings to be filed by November 25, 2024; (4) fact discovery to be completed by April 30, 2025; (5) expert discovery to be completed by April 30, 2025; and (6) dispositive motions to be filed by May 30, 2025.  (*Id.*)

On October 10, 2024, Defendant filed its Answer.  (Doc. No. 13.)  Therein, Defendant raises twenty-one (21) affirmative defenses, including that "Plaintiff failed to perfect service."  (*Id.* at p. 2.) Defendant filed Notices of Service of Initial Disclosures on October 11 and 14, 2024.  (Doc. Nos. 15, 16.)  Plaintiff filed a Motion for Extension of time to file Initial Disclosures and later filed Notice of Service of her Initial Disclosures on October 25, 2024.  (Doc. Nos. 17, 19.)

On October 29, 2024, Judge Armstrong requested that the U.S. Marshal file an update on the status of service in this case on or before November 14, 2024. (Doc No. 20.) In addition, Judge Armstrong granted Plaintiff permission for electronic filing.  (*Id.*)

On November 8, 2024, the U.S. Marshal filed a Return of Service executed on Defendant via FedEx.  (Doc. No. 21.)  On November 15, 2024, Jacobs filed an "Answer to the Defendant's Response," in which she expressed concern that the Clerk's Office failed to properly serve the Complaint "as is accustomed by law." (Doc. No. 22.)  Jacobs reiterated that this alleged defect in service was not her fault.[2]  (*Id.*)

---

[2] Meanwhile, the parties engaged in written discovery.  On November 26, 2024, Defendant filed a Notice of Service of its First Set of Requests for Production of Documents and Requests for Admission.  (Doc. No. 23.) On December 24, 2024, Jacobs filed a Notice that she had "submitted her answers and a portion of the production of documents to the Defendant via electronic submission/email." (Doc. No. 26.)  Jacobs also filed a Notice of Service of her First Set of Interrogatories, Request for Production of Documents, and Request for Admissions to Defendant.  (Doc. No. 25.)

On December 18, 2024, Jacobs filed a "Motion for Declaration that the Marshall Service of Fed-X as Acceptable Service and for Proper time for Response to Interrogatories and Production of Documents." (Doc. No. 24.)  Therein, Jacobs states  (in relevant part) as follows:

> The Plaintiff has reviewed all service requirements for the issuance of the initial complaint pursuant Federal rules of civil procedure. Yet, the Plaintiff could not find approval for Express mail service.  Thus, the Plaintiff needs a confirmation that the use of express mail for service of the Defendant by the Marshall's office is acceptable service.  The Plaintiff has received a copy of the Returned Service with a signature, on 12-13-24, from Mercy Health.

(*Id*.) (as in original).  On January 10, 2025, Judge Armstrong denied Jacobs' Motion as moot on the grounds that "Defendant has not filed a motion challenging the sufficiency of process or any deficiency relating to Plaintiff's discovery responses, and the Court cannot issue an advisory opinion on matters not pending before the Court."  *See* Non-Doc Order dated Jan. 10, 2025.

On January 16, 2025, Jacobs purported to file a Motion to Clarify.  (Doc. No. 27.)  On January 21, 2025, Judge Armstrong issued the following Order: "Plaintiff's most recent Motion to Clarify (ECF No. 27) contains no text or any explanation regarding the basis for the Motion.  The most recent Motion to Clarify, however, is linked to ECF No. 21, Return of Service by U.S. Marshal.  Assuming that Plaintiff is again requesting an advisory opinion regarding the sufficiency of process, the Court points Plaintiff to its January 10, 2025, Order denying as moot Plaintiff's earlier Motion to Clarify (ECF No. 24). Specifically, the Court explained that 'because Defendant has not filed a motion challenging the sufficiency of process the Court cannot issue an advisory opinion on matters not pending before the Court.' Accordingly, for the same reason Plaintiff's Motion to Clarify (ECF No. 27 ) is DENIED AS MOOT."  *See* Non-Doc Order dated Jan. 21, 2025.

On January 26, 2025, Jacobs filed the instant Motion to Remove Judge Armstrong as Presiding Judge over the Case.  (Doc. No. 30.)

4

## II.     Analysis

In her Motion, Jacobs requests that Judge Armstrong be removed from the instant action "for ethical and judicial fairness concerns."  (Doc. No. 30.)  She first maintains that Judge Armstrong exhibited bias when she (i.e., Judge Armstrong) allegedly stated during the CMC that "this is an easy case."  (*Id.*)  Jacobs asserts that "it may be a clear-cut case in the judge's opinion, yet all parties must be respected and requests reviewed with concern."  (*Id.*)  Jacobs next argues that Judge Armstrong improperly concluded that Defendant had not filed any opposition to service.  (*Id.*)  Yet, Jacobs asserts that "in the Defendant's Answer and at the [CMC] the attorneys for the Defendant challenged proper service."  (*Id.*)  Jacobs maintains that Judge Armstrong is in the "habit of denying everything without regard to case facts" because she thinks "little of the *pro se* Plaintiff."  (*Id.*)

Jacobs does not identify the statutory basis for her request for recusal, nor does she cite any legal authority in support of her Motion.  The Court notes that there are two federal statutes that govern recusal.  Under 28 U.S.C. § 144, a judge must recuse him or herself when a party files a "timely and sufficient affidavit" alleging "personal bias or prejudice" and where there is a showing of actual bias.  Bias or prejudice means "a favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate, either because it is undeserved, or because it rests upon knowledge that the subject ought not possess ..., or because it is excessive in degree...." *Liteky v. United States*, 510 U.S. 540, 550 (1994).  *See also Williams v. Anderson*, 460 F.3d 789, 814 (6th Cir. 2006); *United States v. Viola*, 2015 WL 5084765 at * 2 (N.D. Ohio Aug. 27, 2015).

Title 28 U.S.C. § 455 requires a judge to "disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned," or when "[s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

5

28 U.S.C. § 455(a), (b)(1). Section 455 is designed "'to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible.'" *Union Planters Bank v. L & J Dev. Co., Inc.*, 115 F.3d 378, 383 (6th Cir. 1997) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988)). *See also Scott v. Metropolitan Health Corporation*, 234 Fed. Appx. 341, 354 (6th Cir. 2007). Under § 455, the ultimate question is whether "a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *United States v. Hartsel*, 199 F.3d 812, 820 (6th Cir. 1999). Because the standard is objective, the judge need not recuse him or herself based on the subjective view of a party. *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990).

Under either statute, "[a] judge's prejudice or bias may stem from either personal or extrajudicial sources, or arise during the course of current or prior proceedings." *Burley v. Gagacki,* 834 F.3d 606, 616 (6th Cir. 2016) (citing *Liteky*, 510 U.S. at 555). The fact that a litigant disagrees with the legal rulings in the case, however, does not establish that the court's decisions are the product of bias. *Shepard v. United States*, 2009 WL 3106554 at *2–3 (E.D. Mich. Sept.18, 2009). Moreover, the subjective view of the party involved is not sufficient to support a recusal motion, no matter how strongly that view may be held. *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989). Further, "the Supreme Court held that 'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" *Wilson v. Parker*, 515 F.3d 682, 701 (6th Cir.2008) (citing *Liteky*, 510 U.S. at 555). Recusal is only required when "the probability of actual bias on the part of the judge or decisionmakers is too high to be constitutionally tolerable." *Rippo v. Baker*, 137 S.Ct. 905, 907 (2017) (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (2016)). Moreover, as the Sixth Circuit has noted, a

6

judge is "presumed to be impartial, and the party seeking disqualification 'bears the substantial burden of proving otherwise.'" *Scott*, 234 Fed. Appx. at 352.

For the following reasons, the Court finds that Jacobs has not shown that recusal is warranted under either 28 U.S.C. § 144 or 28 U.S.C. § 455.  First, the Court finds that Jacobs is not entitled to recusal under § 144 because she failed to file a "timely and sufficient affidavit" in support of her Motion.[3]  *See Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003)(noting that "[r]ecusal is never granted without the affidavit" required by § 144).  The Court further finds that Jacob's *pro se* Motion does not qualify as an "affidavit" for purposes of § 144 because it is not notarized.  *See LeVay v. Morken*, 590 F.Supp.3d 1037, 1042 (E.D. Mich. 2022) (denying relief under § 144 because the *pro se* plaintiff's affidavit was "not notarized, violating a well-established criterion for the legal sufficiency of an affidavit.")

Second, the Court finds that Jacobs has not demonstrated that recusal is warranted under § 455.  The Court does not construe Judge Armstrong's alleged comment during the CMC that "this is an easy case" as indicative of personal bias and/or prejudice against Jacobs.  Rather, given the procedural context in which this comment was allegedly made, the Court construes Judge Armstrong's remark as relating to her assessment of the appropriate track assignment and case management deadlines.  Indeed, the CMC Order reflects that Judge Armstrong assigned the instant case to the Standard track, which the Local Rules describe as involving "routine" discovery and "routine" damage claims.  *See* Local Rule 16.2(b).  In addition, Judge Armstrong set relatively early

---

[3] 28 U.S.C. § 144 provides, in relevant part, that: "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."

7

deadlines for initial disclosures and amendment of the pleadings, which is also consistent with her characterization of the case as "an easy" one.  Viewed in this context, the Court finds that a reasonable, objective person would not have questioned Judge Armstrong's impartiality.

The Court further finds that recusal is not warranted based on Judge Armstrong's denial of Jacob's Motions to Clarify as moot.  As noted above, it is well established that the fact that a litigant disagrees with the legal rulings in the case does not establish that the court's decisions are the product of bias.  *See, e.g., Liteky*, 510 U.S. at 555 (noting that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"); *Bickerstaff v. Cuyahoga County*, 2020 WL 1877780 at * 3 (N.D. Ohio April 15, 2020); *United States v. Viola*, 2015 WL 5084765 at * 3 (N.D. Ohio Aug. 27, 2015); *Shepard*, 2009 WL 3106554 at *2–3.  Moreover, the Court agrees with Judge Armstrong that it would not have been appropriate for the Court to rule on Jacobs' Motions to Clarify because any such ruling would have been an advisory one.  Jacobs' argument that she was entitled to a ruling because Defendant challenged service during the CMC and in its Answer, is without merit.  The Court only rules on motions that are pending before it.  Here, the docket clearly reflects that Defendant has not filed a Motion to Dismiss based on improper service.  Thus, Judge Armstrong correctly denied Jacobs' Motions to Clarify as moot.

Accordingly, and for all the reasons set forth above, Jacobs has not demonstrated that recusal is warranted under either 28 U.S.C. § 144 or 28 U.S.C. § 455.

## III.    Conclusion

For all the reasons set forth above, Jacobs' Motion to Remove Judge Armstrong as Presiding Judge over the Case (Doc. No. 30) is DENIED.

**IT IS SO ORDERED.**

_s/Pamela A. Barker_

PAMELA A. BARKER

Date:  February 20, 2025

U. S. DISTRICT JUDGE

9