IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Erika Jacobs, | Case No. 4:24CV793 |
|     Plaintiff, | |
|     -vs- | JUDGE PAMELA A. BARKER |
| Mercy Health St. Joseph Warren Hospital, | |
| | MEMORANDUM OPINION & ORDER |
|     Defendant. | |

Currently pending is *pro se* Plaintiff Erika Jacobs' (1) "Motion of Recusal of Jennifer Dowdell Armstrong and Pamela Barker" (Doc. No. 35); and (2) Objection to Magistrate Judge Armstrong's denial without prejudice of Plaintiff's Motion to Compel (Doc. No. 36.) For the following reasons, Plaintiff's Motion of Recusal (Doc. No. 35) is DENIED and her Objection (Doc. No. 36) is OVERRULED.

I.    **Relevant Background**

The Court has set forth Plaintiff's factual allegations and the procedural history of this matter in its Memorandum Opinion & Order dated February 20, 2025 (Doc. No. 33), and will not repeat this information herein. Familiarity with this Court's February 20, 2025 Order is presumed.

On January 26, 2025, *pro se* Plaintiff Erika Jacobs ("Plaintiff" or "Jacobs") filed a "Motion to Remove Magistrate Judge Jennifer Dowdell Armstrong as Presiding Judge over the Case." (Doc. No. 30.) On February 20, 2025, this Court issued a Memorandum Opinion & Order denying Jacobs' Motion on several grounds. (Doc. No. 33.) Of particular note, the Court explained that "[t]he fact

that a litigant disagrees with the legal rulings in the case … does not establish that the court's decisions are the product of bias." (*Id.* at p. 6) (citing *Shepard v. United States*, 2009 WL 3106554 at *2–3 (E.D. Mich. Sept.18, 2009)). The Court further noted that "[t]he subjective view of the party involved is not sufficient to support a recusal motion, no matter how strongly that view may be held." (*Id.*) (citing *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989)). The Court made it clear that "'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" (*Id.*) (quoting *Wilson v. Parker*, 515 F.3d 682, 701 (6th Cir. 2008)).

On February 19, 2025, Jacobs filed a Motion to Compel Discovery. (Doc. No. 31.) Therein, Jacobs asserts that Defendant failed to timely produce documents in response to her Request for Production and, further, had produced "confidential information that has no relevance to the case," including her resume, background check, and an excerpt from her license application. (*Id.*) Notably, Jacobs did not certify that she had spoken with defense counsel in an attempt to resolve the dispute. Rather, Jacobs attached a series of emails between herself and counsel for Defendant, in which (1) defense counsel requested a one week extension of time until Feb. 28, 2025 to finalize Defendant's responses to Jacobs' discovery requests; (2) Jacobs denied the extension; and (3) defense counsel emailed records in response to Jacobs' discovery requests on February 19, 2025. (*Id.* at PageID#s 103-104.)

On February 20, 2025, Magistrate Judge Armstrong denied Jacobs' Motion to Compel without prejudice, as follows:

> Plaintiff's Motion to Compel Discovery (ECF No. 31) raises a discovery dispute. The Court's Case Management Order (ECF No. 12) provides in relevant part that: "Discovery disputes shall be governed by the dictates of Local Rule 37.1.[1] The parties

---

[1] Local Rule 37.1(a) provides as follows: "In the absence of a Judicial Officer establishing an alternative procedure for

2

are also put on notice that the court interprets any certification pursuant to L.R. 37(a)(1) will mean that the party seeking disputed information has actually talked to the opposing party. No motions pertaining to discovery disputes may be filed without prior authorization from the court." (*Id.*, PageID # 55.) Because Plaintiff's Motion to Compel contains no certification that the parties have actually talked to each other about the discovery dispute and Plaintiff failed to obtain prior authorization from the Court before filing her Motion to Compel, the Motion to Compel is DENIED WITHOUT PREJUDICE for failure to comply with the Court's Case Management Order and Local Rule 37.1.

Non-Doc Order dated Feb. 20, 2025.

Later that day, Jacobs filed a Motion to Recuse Magistrate Judge Armstrong and the undersigned. (Doc. No. 35.) Therein, Jacobs accuses Judge Armstrong of "unethical discrimination against every motion filed" and asserts that "it is obvious that the judge is prejudice[d] against the Plaintiff and hates her in a way unknown." (*Id.*) Jacobs insists that she is "in total compliance with the Case management [Order] and her rights have been denied by" Judge Armstrong. (*Id.*) Jacobs argues that "it is apparent … that the Judge Pamela Barker and Jennifer Dowdell are conspiring together against the Plaintiff and this is unconstitutional." (*Id.*) Jacobs states that she will bring "ethics charges" against both Judge Armstrong and the undersigned. (*Id.*)

On that same day, Jacobs filed an Objection to Judge Armstrong's denial without prejudice of her Motion to Compel, in which she again asserts that she has complied with Judge Armstrong's Case Management Order. (Doc. No. 36.)

II.      **Motion for Recusal**

---

handling discovery disputes, the following procedure shall apply. (1) Discovery disputes shall be referred to a Judicial Officer only after counsel for the party seeking the disputed discovery has made, and certified to the Court the making of, sincere, good faith efforts to resolve such disputes. (2) The Judicial Officer may attempt to resolve the discovery dispute by telephone conference. (3) In the event the dispute is not resolved by the telephone conference, the parties shall outline their respective positions by letter and the Judicial Officer shall attempt to resolve the dispute without additional legal memoranda. (4) If the Judicial Officer still is unable to resolve the dispute, the parties may file their respective memoranda in support of and in opposition to the requested discovery by a date set by the Judicial Officer, who may schedule a hearing on the motion to compel."

3

Jacobs does not identify the statutory basis for her request for recusal, nor does she cite any legal authority in support of her Motion. There are two federal statutes that govern recusal. Under 28 U.S.C. § 144, a judge must recuse him or herself when a party files a "timely and sufficient affidavit" alleging "personal bias or prejudice" and where there is a showing of actual bias. Bias or prejudice means "a favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate, either because it is undeserved, or because it rests upon knowledge that the subject ought not possess ..., or because it is excessive in degree...." *Liteky v. United States*, 510 U.S. 540, 550 (1994). *See also Williams v. Anderson*, 460 F.3d 789, 814 (6th Cir. 2006).

Title 28 U.S.C. § 455 requires a judge to "disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned," or when "[s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1). Section 455 is designed "'to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible.'" *Union Planters Bank v. L & J Dev. Co., Inc.*, 115 F.3d 378, 383 (6th Cir. 1997) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988)). Under § 455, the ultimate question is whether "a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *United States v. Hartsel*, 199 F.3d 812, 820 (6th Cir. 1999). Because the standard is objective, the judge need not recuse him or herself based on the subjective view of a party. *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990).

Under either statute, "[a] judge's prejudice or bias may stem from either personal or extrajudicial sources, or arise during the course of current or prior proceedings." *Burley v. Gagacki*, 834 F.3d 606, 616 (6th Cir. 2016) (citing *Liteky*, 510 U.S. at 555). As the Court noted in its previous

Order, the fact that a litigant disagrees with the legal rulings in the case does not establish that the court's decisions are the product of bias. *Shepard*, 2009 WL 3106554 at *2–3. Moreover, the subjective view of the party involved is not sufficient to support a recusal motion, no matter how strongly that view may be held. *Wheeler*, 875 F.2d at 1251. Recusal is only required when "the probability of actual bias on the part of the judge or decisionmakers is too high to be constitutionally tolerable." *Rippo v. Baker*, 580 U.S. 285, 287 (2017) (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (2016)). As the Sixth Circuit has noted, a judge is "presumed to be impartial, and the party seeking disqualification 'bears the substantial burden of proving otherwise.'" *Scott v. Metropolitan Health Corp.*, 234 Fed. Appx. 341, 352 (6th Cir. 2007).

For the following reasons, the Court finds that Jacobs has not shown that recusal is warranted under 28 U.S.C. § 144 or 28 U.S.C. § 455, as to either Magistrate Judge Armstrong or the undersigned. First, the Court finds that Jacobs is not entitled to recusal under § 144 because she failed to file a "timely and sufficient affidavit" in support of her Motion. *See Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003)(noting that "[r]ecusal is never granted without the affidavit" required by § 144). The Court further finds that Jacob's *pro se* Motion does not qualify as an "affidavit" for purposes of § 144 because it is not notarized. *See LeVay v. Morken*, 590 F.Supp.3d 1037, 1042 (E.D. Mich. 2022).

Second, the Court finds that Jacobs has not demonstrated that recusal is warranted under § 455. The only basis provided for the recusal of Magistrate Judge Armstrong is Jacobs' unsupported, subjective belief that Judge Armstrong's denial without prejudice of her Motion to Compel is evidence of "unethical discrimination" and personal bias. Jacobs' argument is without merit for several reasons. As an initial matter, the law is very clear that Jacobs' disagreement with Judge

Armstrong's legal rulings is not sufficient, standing alone, to establish that the court's decisions are the product of bias. *Shepard*, 2009 WL 3106554 at *2–3. Nor is Jacob's subjective opinion that Judge Armstrong "hates her in a way unknown" sufficient to support a request for recusal, no matter how strongly that view may be held. *Wheeler*, 875 F.2d at 1251.

In addition, the Court finds that Judge Armstrong's decision to deny Jacob's Motion to Compel without prejudice was entirely reasonable. Judge Armstrong correctly notes that her CMC Order expressly provides (in bold lettering) that discovery disputes are governed by Local Rule 37.1 and that "the court interprets any certification pursuant to LR 37.1(a)(1) will mean that the party seeking disputed information has actually talked to the opposing party." (Doc. No. 12 at PageID# 55.) Judge Armstrong also correctly found that Jacobs failed, entirely, to comply with the CMC Order. Jacobs did not certify that she had "actually talked to" defense counsel, nor did she follow any of the specific requirements of Local Rule 37.1(a). Thus, the Court finds no evidence that Judge Armstrong's denial without prejudice of Jacobs' Motion to Compel was based on anything other than Jacobs' clear failure to comply with the CMC Order that was entered in this case and is applicable to all parties, i.e., both Jacobs and Defendant.[2] Accordingly, the Court finds that Jacobs has not carried her "substantial burden" of demonstrating that recusal of Judge Armstrong is warranted under § 455.

The Court likewise finds that Jacobs has failed to demonstrate the recusal is warranted with respect to the undersigned. In her Motion, Jacobs argues, summarily and without further explanation, that "it is apparent to the Plaintiff that the Judge Pamela Barker and Jennifer Dowdell are conspiring together against the Plaintiff and this is unconstitutional." (Doc. No. 35 at PageID# 117.) Jacobs'

---

[2] Moreover, by denying the Motion without prejudice, Judge Armstrong left open the possibility that Jacobs could refile her Motion to Compel if she fully complies with Local Rule 37.1 and the CMC Order.

subjective belief that the undersigned has conspired with Judge Armstrong is unfounded and not a sufficient basis for recusal. The Court carefully reviewed and evaluated Jacob's first Motion to Recuse, and issued a thorough Order denying it for the reasons set forth therein. The Court has likewise carefully reviewed Jacobs' second Motion to Recuse, as well as her Objection to Judge Armstrong's discovery order. The fact that Jacobs disagrees with this Court's rulings is simply insufficient to warrant recusal of the undersigned under § 455.

In sum, and for all the reasons set forth above, the Court finds that a reasonable, objective person, knowing all of the circumstances, would not have questioned the impartiality of either Magistrate Judge Armstrong or the undersigned. *Hartsel*, 199 F.3d at 820. Jacobs' Motion of Recusal (Doc. No. 35) is, therefore, denied.

### III.  Objection

The Court next considers Jacob's Objection (Doc. No. 36) to Magistrate Judge Armstrong's non-doc Order denying her Motion to Compel without prejudice.

"When a district judge reviews a magistrate judge's resolution of a non-dispositive matter, it is not a *de novo* review, as it is in relation to a magistrate judge's recommendation as to a dispositive matter." *Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, 2013 WL 992125 at *6 (S.D. Oh. Mar. 13, 2013). *See also Bisig v. Time Warner Cable, Inc.,* 940 F.3d 205, 219 (6th Cir. 2019). Rather, the Magistrate Judge's decision is subject to review under Fed. R. Civ. P. 72(a) and reversal when it "is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). *See Alvarado v. Warden, Ohio State Penitentiary*, 2018 WL 5783676 at * 1 (N.D. Ohio Nov. 5, 2018); *Phillips v. LaRose*, 2019 WL 5729919 at * 2 (N.D. Ohio Nov. 5, 2019).

The Court finds that Judge Armstrong's denial of Jacob's Motion to Compel without prejudice is neither clearly erroneous nor contrary to law. As discussed *supra*, the CMC Order in this case expressly provides that discovery disputes are governed by Local Rule 37.1 and that "the court interprets any certification pursuant to LR 37.1(a)(1) will mean that the party seeking disputed information has actually talked to the opposing party." (Doc. No. 12 at PageID# 55.) Judge Armstrong correctly concluded that Jacobs failed to comply with either the CMC Order or Local Rule 37.1(a) because she did not certify that she had "actually talked to" defense counsel. Rather, as noted above, Jacobs attached a series of emails between herself and counsel for Defendant, none of which indicate that Jacobs and defense counsel had spoken to each other in an attempt to resolve the dispute. (Doc. No. 31 at PageID#s 103-104.) Moreover, Judge Armstrong also correctly found that Jacobs failed to comply with the CMC Order because she did not seek and obtain prior authorization from the Court before filing her Motion to Compel.

Accordingly, Jacobs' Objection (Doc. No. 35) is without merit and overruled.

## IV. Conclusion

For all the reasons set forth above, Plaintiff's Motion of Recusal (Doc. No. 35) is DENIED and her Objection (Doc. No. 36) is OVERRULED. In addition, the Court hereby reminds Plaintiff that an attorney or unrepresented party must have a good faith basis for filing motions in this Court. *See* Fed. R. Civ. P. 11(b). Plaintiff has filed two Motions for Recusal based solely on the fact that she is unhappy with the Court's rulings. The Court has now repeatedly advised Plaintiff that this is not, standing alone, a sufficient basis for recusal. Plaintiff is hereby cautioned that, if she continues to file unsupported motions for recusal based solely on her disagreement with the Court's rulings, the Court will consider withdrawing her electronic filing privileges and/or imposing filing restrictions.

**IT IS SO ORDERED.**

Date: February 28, 2025

    *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE