IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ERIKA JACOBS, | ) | CASE NO. 4:24-CV-00793-PAB |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JENNIFER DOWDELL ARMSTRONG |
| MERCY HEALTH ST. JOSEPH WARREN HOSPITAL, | ) ) | |
| | ) | **REPORT AND** |
| Defendant. | ) | **RECOMMENDATION** |
| | ) | |

Plaintiff Erika Jacobs ("Plaintiff") failed to appear at the last two status conferences in this case. After Plaintiff's most recent failure to appear, I entered an order requiring her to appear on May 1, 2025 and show cause why she should not face sanctions, up to and including dismissal of the action. But Plaintiff also failed to attend the show cause hearing and has, to date, offered no explanation for her absence. Accordingly, and on my own initiative, I recommend that the Court dismiss the case without prejudice for failure to prosecute.

**I.  BACKGROUND**

Plaintiff alleges that defendant Mercy Health St. Joseph Warren Hospital ("Mercy Health") discriminated against her on the basis of her race and unlawfully retaliated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. (ECF No. 4).

1

On June 24, 2024, the Court referred the case to me for general pretrial supervision. (ECF No. 7). On September 4, 2024, the parties appeared before me via Zoom for a case management conference. On September 5, 2024, I entered a case management order which, among other things, set a follow-up case management conference for March 31, 2025 via Zoom. (ECF No. 12).

Following the September 4, 2024 case management conference, the parties engaged in discovery, which Plaintiff actively participated in. Plaintiff also filed multiple motions seeking to reassign the case to a new judge and/or requesting the recusal of myself or the Court. (ECF Nos. 30, 35, 38, 40). Those motions, which were denied, were premised on Plaintiff's disagreement with certain rulings. On March 28, 2025, I withdrew Plaintiff's electronic filing privileges as a result of her unwillingness and/or inability to comply with court orders and the Federal Rules of Civil Procedure. (*See* ECF non-document entry dated March 28, 2025).

On March 31, 2025, I held a status conference via Zoom. Counsel for Mercy Health appeared in the Zoom waiting room, but Plaintiff did not. As a result, the status conference did not go forward. After the hearing, I entered a minute order noting that Plaintiff had failed to appear as required. (*See* ECF non-document entry dated March 31, 2025). However, I also noted that, due to a typographical error, the date of the status conference in the Zoom link for the hearing was mistakenly listed as May 31, 2025, rather than March 31, 2025, although the correct date of the hearing appeared on the docket. *Id*. Because I recognized that the erroneous date in the Zoom link may have confused Plaintiff regarding the date of the status conference, I reset the conference to April 16, 2025. *Id*. I also notified Plaintiff that, if she failed to appear, I would "consider recommending the issuance of sanctions, including the dismissal of this

2

action." *Id*. A copy of the order was mailed to Plaintiff. (*See* ECF non-document entry dated March 31, 2025).

Plaintiff again failed to appear at the rescheduled status conference on April 16, 2025, and the status conference again did not go forward. As a result, I entered an order to show cause, noting that Plaintiff's absences had delayed and hindered the orderly progression of the case. (ECF No. 42). I ordered Plaintiff to appear before me via Zoom on May 1, 2025 to show cause why I should not recommend sanctions, "including but not limited to dismissal of the case with prejudice, monetary penalties, or any other appropriate sanction" for failure to comply with court orders. *Id*. I also specifically notified Plaintiff that "failure to appear at the show cause hearing may result in the recommendation of immediate sanctions, including dismissal of this action with prejudice." *Id*. A copy of the order was again mailed to Plaintiff at her address. (*See* ECF non-document entry dated April 16, 2025).

Plaintiff did not appear for the show cause hearing on May 1, 2025, and the hearing did not go forward. I entered an order "reiterat[ing] that Plaintiff's absences have delayed and hindered the orderly progression of this case . . . ." (*See* ECF non-document entry dated May 1, 2025). I also advised the parties that I would take the matter under advisement. *Id*.

II.  **ANALYSIS**

"The Sixth Circuit has held that 'a district court has three different sources of authority to dismiss a case for failure to prosecute.'" *Wingate v. Wal-Mart Stores, Inc*., No. 1:16-CV-1785, 2017 WL 1251093, at *3 (N.D. Ohio Mar. 14, 2017) (quoting *Rogers v. City of Warren*, No. 06-3658, 2008 WL 5054337, at *4 (6th Cir. Nov. 26, 2008)), *report and recommendation adopted*, 2017 WL 1235006 (N.D. Ohio Apr. 4, 2017). Those three sources are: (1) Federal Rule of Civil Procedure 16(f)(1)(A), which authorizes dismissal where party fails to appear at a scheduling or pretrial conference; (2) Rule 41(b), which "permits the court to

3

involuntarily dismiss an action if a plaintiff fails to prosecute [her] case or to comply with a court order"; and (3) the court's inherent authority to "'protect [] the due and orderly administration of justice, and . . . maintain[] the authority and dignity of the court.'" *Id*. (quoting *Bowles v. City of Cleveland*, 129 F. App'x 239, 241 (6th Cir. 2005) (unpub.)).

The Supreme Court has recognized that "[t]he power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). Notably, it is "well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013). Moreover, while "[p]ro se plaintiffs are held to less stringent standards than attorneys . . . cases filed by *pro se* plaintiffs may still be subject to dismissal if the plaintiff fails to meet court orders." *Wingate*, 2017 WL 1251093 at *4.

In determining whether dismissal for failure to prosecute is appropriate, courts in this circuit apply a four-factor test drawn from the Sixth Circuit's decision in *Mulbah v. Detroit Board of Education*, 261 F.3d 586 (6th Cir. 2001):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Id*. at 589; *see also Rogers v. City of Warren*, 302 F. App'x 371, 376 (6th Cir. 2008) (applying *Mulbah* factors). The *Mulbah* factors "balance the competing concerns of 'the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims' with the preference for disposition of cases on their merits." *Wingate*, 2017 WL 1251093 at *4 (quoting *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993)).

4

### A. Whether Plaintiff's failure is due to willfulness, bad faith, or fault

The first factor considers whether Plaintiff's failures are the result of willfulness, bad faith, or fault. This factor is satisfied where a plaintiff "display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

Plaintiff has failed to attend two consecutive status hearings and a show cause hearing despite receiving mailed notice of those hearings and despite explicit warnings that failure to attend could result in sanctions. I find that Plaintiff's "repeated failure to participate in Court proceedings is more than sufficient to display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on those proceedings." *Wingate*, 2017 WL 1251093 at *5 (quotations omitted); *see also Napier v. Bobby*, No. 4:13CV2433, 2015 WL 13730925, at *2 (N.D. Ohio Dec. 31, 2015) (holding that first factor weighed in favor of dismissal where plaintiff failed to attend his own deposition despite being fully aware that deposition was taking place), *report and recommendation adopted*, 2016 WL 1578583 (N.D. Ohio Apr. 20, 2016). The first factor thus weighs in favor of dismissal.

### B. Whether Mercy Health was prejudiced by Plaintiff's conduct

The second factor is whether Plaintiff's actions prejudiced Mercy Health. This factor also favors dismissal because Mercy Health and its counsel have incurred time and expense in preparing for and attending multiple court conferences that Plaintiff failed to attend. *See Wingate*, 2017 WL 1251093 at *5 (holding that defendant was prejudiced where defense counsel expended time, money, and effort to prepare for and attend multiple court proceedings at which plaintiff did not appear).

### C. Whether Plaintiff was warned that failure to cooperate could lead to dismissal

The third factor is whether Plaintiff was warned that failure to appear at court-ordered conferences could lead to dismissal. This factor is unquestionably satisfied here. In setting the April 16, 2025 status conference, I expressly warned Plaintiff that, if she failed to appear, I would "consider recommending the issuance of sanctions, including the dismissal of this action." (*See* ECF non-document entry dated March 31, 2025). When I set the show cause hearing, I likewise warned Plaintiff that "failure to appear . . . may result in the recommendation of immediate sanctions, including dismissal of this action with prejudice." (ECF No. 42).

### D. Whether less drastic sanctions were imposed or considered before dismissal was ordered

The fourth and final factor looks to whether less drastic sanctions were imposed or considered. Courts have recognized that "the sanction of dismissal is appropriate only if the attorney's [or party's] actions amounted to failure to prosecute and no alternative sanction would protect the integrity of the pretrial process." *Wingate*, 2017 WL 1251093 at *4 (quoting *United States v. $506,069.09 Seized from First Merit Bank*, 664 F. App'x 422, 430 (6th Cir. 2016)).

I have considered lesser sanctions but conclude that no sanction short of dismissal would protect the integrity of the pretrial process. I have warned Plaintiff on multiple occasions that failure to appear at court-mandated conferences could result in dismissal of the action, but she has not appeared and has made no effort to explain her absences. Under the circumstances, there is no reason to believe that a lesser sanction would secure Plaintiff's compliance with court orders. *See Wingate*, 2017 WL 1251093 at *6 (holding that less drastic sanctions than dismissal were "unlikely to elicit a response" where plaintiff "failed, again and

6

again, to appear for Court proceedings when ordered to do so" despite prior warnings that sanctions may be imposed); *Glasgow v. Gen. Elec. Co./GE Renewable Energy*, No. 3:23-CV-1702-JRK, 2024 WL 2924930, at *3 (N.D. Ohio May 20, 2024) (holding that plaintiff's conduct "supports no other conclusion than that he has abandoned his case" where plaintiff failed to appear for successive status conferences and failed to engage with defense counsel), *report and recommendation adopted*, 2024 WL 2899180 (N.D. Ohio June 10, 2024).

After careful consideration, however, I conclude that the dismissal should be without prejudice rather than with prejudice. "[D]ismissal with prejudice is the most powerful sanction available" for failure to prosecute. *Napier*, 2015 WL 13730925 at *3. "[C]ourts within this Circuit have noted that a district court should not dismiss with prejudice in cases in which an alternative sanction would better serve the interests of justice." *Wingate*, 2017 WL 1251093 at *6 (recommending dismissal without prejudice rather than with prejudice).

Here, while Plaintiff has failed to appear at multiple court-ordered conferences, I am mindful that she is proceeding *pro se* and that she has, by and large, actively participated in the case. Accordingly, I determine that a dismissal without prejudice, rather than with prejudice, would best serve the interests of justice.[1]

## III.  CONCLUSION

For the foregoing reasons, I recommend that the Court dismiss this action without prejudice as a sanction for Plaintiff's failure to prosecute. In light of my recommendation that the case be dismissed without prejudice, Mercy Health's motion to compel (ECF No. 43)

---

[1] On April 29, 2025, Mercy Health filed a motion for leave to file a motion to compel, asserting that Plaintiff was refusing to appear for a Zoom deposition because Mercy Health intended to record the deposition on video. (ECF No. 43). In light of my recommendation that the case be dismissed without prejudice, Mercy Health's motion to compel is denied without prejudice as moot. If the Court declines to adopt my recommendation that the case be dismissed, Mercy Health may renew its motion to compel.

is denied without prejudice as moot. If the Court declines to adopt my recommendation that the case be dismissed, Mercy Health may renew its motion to compel.

Dated: May 7, 2025                                                          s/ Jennifer Dowdell Armstrong
                                                                                    United States Magistrate Judge

## IV.  NOTICE TO PARTIES REGARDING OBJECTIONS

Local Rule 72.3(b) of this Court provides:

> **Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).