**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| ERIKA JACOBS, | ) CASE NO. 4:24-CV-793 |
| | ) |
| Plaintiff, | ) JUDGE PAMELA A. BARKER |
| | ) UNITED STATES DISTRICT JUDGE |
| v. | ) |
| | ) MAGISTRATE JUDGE |
| MERCY HEALTH ST. JOSEPH | ) JENNIFER DOWDELL ARMSTRONG |
| WARREN HOSPITAL, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Defendant. | ) |

## I.    INTRODUCTION

Plaintiff Erika Jacobs alleges that Defendant Mercy Health St. Joseph Warren Hospital ("Mercy Health") discriminated against her on the basis of her race and unlawfully retaliated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. (*See generally* Compl., ECF No. 4.) Ms. Jacobs seeks backpay and punitive damages. (ECF No. 4, PageID# 7.)

This matter has been referred to me for general pretrial supervision (Referral Order, ECF No. 7.) Currently pending before the Court is Mercy Health's Second Motion for Sanctions, in which Mercy Health requests sanctions under Rule 37 of the Federal Rules of Civil Procedure after Ms. Jacobs failed to appear for a deposition. (ECF No. 66, PageID# 330.)

For the following reasons, I RECOMMEND that the Court GRANT Defendant's Second Motion for Sanctions, DISMISS this action WITH PREJUDICE, and further IMPOSE a reasonable monetary sanction in an amount to be determined at an evidentiary hearing to compensate Mercy Health for its attorney fees and costs in attending the deposition that Ms. Jacobs failed to attend.

## II.  PROCEDURAL BACKGROUND

On May 2, 2024, Ms. Jacobs filed suit *pro se* against Mercy Health. (Compl., ECF No. 4.) She alleged violations of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. (Compl., ECF No. 4, PageID# 4, 6.)

The Court thereafter referred Ms. Jacobs's action to me for general pretrial case management. (Referral Order, ECF No. 7.)

On September 5, 2024, the Court issued a case management order setting a status conference for March 31, 2025. (ECF No. 12.) The parties were told that "[d]iscovery disputes shall be governed by the dictates of Local Rule ("LR") 37.1" and were further "put on notice that the court interprets any certification pursuant to LR 37.1(a)(1) will mean that the party seeking disputed information has actually talked to the opposing party. No motions pertaining to discovery disputes may be filed without prior authorization from the court." (*Id.*, Page ID# 55)

Mercy Health filed its answer on October 10, 2024. (ECF No. 13.)

On October 25, 2024, Ms. Jacobs filed a motion for an extension to serve initial disclosures and to respond to Mercy Health's answer, and a motion to file electronically. Ms. Jacobs served her initial disclosures the same day. (ECF Nos. 17–19).

On October 29, 2024, I denied Ms. Jacobs's motions for extension as moot, as Ms. Jacobs had served initial disclosures and the Court had not ordered her to reply to Defendants' answer under Fed. R. Civ. P. 7(a)(7). (Non-document order accompanying ECF No. 20.) I granted Ms. Jacob's request for permission for electronic filing. (*Id.*) Additionally, I requested that the U.S. Marshal file an update on the status of service. (*Id.*) The summons to Mercy Health was returned executed on November 8, 2024. (ECF No. 21).

2

On November 15, 2024, Ms. Jacobs filed a document styled as an "answer to the defendant's response," in which she responded to the affirmative defenses identified in the answer and argued that service was proper, among other things. (ECF No. 22.)

On November 26, 2024, Mercy Health served its First Set of Requests for Production of Documents and First Set of Requests for Admission. (*See* ECF No. 23.)

On December 18, 2024, Ms. Jacobs filed a motion for "Declaration that the Marshall Service of Fed-X As Acceptable Service and Proper time for Response to Interrogatories and Production of Documents." (ECF No. 24.)

On December 23, 2024, Ms. Jacobs served her first set of interrogatories, requests for admissions, and first set of document requests on Mercy Health. (ECF No. 25.) She reported that she had responded to Mercy Health's written discovery requests the same day. (ECF No. 25-1.) On December 24, 2024, she filed a notice stating that she had served her answers to Mercy Health's requests for admissions and interrogatories and a portion of their document requests, stating that she was "unable to attach all documents" due to financial difficulties and stated she would "provide the remaining documents in Jan. 2025." (ECF No. 26, PageID# 92.)

I denied Ms. Jacobs' motion to clarify service as moot on January 10, 2025, because the "Defendant has not filed a motion challenging the sufficiency of process or any deficiency relating to Plaintiff's discovery responses . . . ." (*See* Order [non-document], Jan. 10, 2025.) Six days later, Ms. Jacobs filed a second motion to clarify service that contained no text or explanation regarding the basis for the motion. (*See* ECF No. 27.) I likewise denied this as moot. (*See* Order [non-document], Jan. 21, 2025.)

On January 26, 2025, Ms. Jacobs filed her first motion to reassign the case. (ECF No. 30.) On February 19, 2025, she filed a motion to compel discovery. (ECF No. 31.)

Judge Barker denied the motion to reassign the case on February 20, 2025, noting that "Jacobs does not identify the statutory basis for her request for recusal, nor does she cite any legal authority in support of her Motion." (ECF No. 33, PageID# 110.) On the same day, I denied Ms. Jacobs's motion to compel discovery as it "contain[ed] no certification that the parties have actually talked to each other about the discovery dispute and Plaintiff failed to obtain prior authorization from the Court before filing her Motion to Compel," as required by LR 37.1 and my case management order. (*See* Order [non-document], Feb. 20, 2025.)

Ms. Jacobs immediately filed a second motion to recuse, arguing that "it is apparent … that the Judge Pamela Barker and Jennifer Dowdell are conspiring together against the Plaintiff and this is unconstitutional." (ECF No. 35, PageID# 117.) She also filed an objection to the denial of her motion to compel discovery.  (ECF No. 36.)

On February 28, 2025, Judge Barker denied Ms. Jacobs's second Motion of Recusal and overruled her objection. (ECF No. 37.) The Court reminded Ms. Jacobs that she "must have a good faith basis for filing motions in this Court," and cautioned her "that, if she continues to file unsupported motions for recusal based solely on her disagreement with the Court's rulings, the Court will consider withdrawing her electronic filing privileges and/or imposing filing restrictions." (*Id.*, PageID# 129.)

Ms. Jacobs filed her third motion to recuse on March 9, 2025. (ECF No. 38.) On March 11, 2025, Judge Barker denied the motion for the reasons set forth in the Court's previous orders on the matter. (*See* Order [non-document] Mar. 11, 2025.) The Court "expressly warn[ed] Plaintiff that her electronic filing privileges will be withdrawn if she files any future recusal motions that are based solely on her disagreement with the Court's rulings." (*Id.*)

4

On March 25, 2025, Ms. Jacobs filed a second objection to my denial of her motion to compel discovery and a fourth motion to recuse. (ECF Nos. 39, 40.)

On March 28, 2025, I construed these filings as motions for reconsideration and denied them both, "[b]ecause the Court previously issued substantive rulings on these duplicative motions." (*See* Order [non-document], Mar. 28, 2025.) Additionally, I revoked Ms. Jacobs's electronic filing privileges "based upon [her] continued apparent unwillingness and/or inability to comply with the clear instructions of this Court and applicable rules of civil procedure." (*Id.*) Ms. Jacobs was further put "on notice and expressly warned" that the Court may further restrict her filing privileges if she continued to file frivolous motions. (*Id.*)

Due to a typographical error, the Case Management Conference set for March 31, 2025, was identified as being on May 31, 2025, on a link the Court sent to the parties. (*See* Order [non-document], Mar. 31, 2025.) The Court and Defendant's counsel appeared, but Ms. Jacobs did not. (*Id.*) While I noted that my case management order and the docket reflected the correct date, I reset the conference to April 16, 2025, and cautioned Ms. Jacobs "that if she fails to appear at the re-set Zoom status conference . . ., that the Court will consider recommending the issuance of sanctions, including the dismissal of this action." (*Id.*) A copy of this order was mailed to Ms. Jacobs at the address on file with the Court. (Service remark, Mar. 31, 2025.)

When Ms. Jacobs failed to appear for the reset CMC, I ordered her to appear before this Court on May 1, 2025, "to show cause why this Court should not recommend sanctions—including but not limited to dismissal of the case with prejudice, monetary penalties, or any other appropriate sanction—for failure to comply with court orders and appear as required." (ECF No. 42, PageID# 148.) This order was mailed to Ms. Jacobs's address on file. (Service remark, Apr. 16, 2025.)

On April 29, 2025, Mercy Health filed a Motion for Leave to File Motion to Compel *Instanter*. (ECF No. 43.) Mercy Health stated that Ms. Jacobs objected to appearing for a noticed deposition because she insisted that "the deposition proceed by telephone with no video or recording." (*Id.*, PageID #149.) Mercy Health had noticed the deposition to proceed via Zoom with audiovisual recording. (*Id.*) Mercy Health certified that it made a good-faith effort to meet and confer and that Ms. Jacobs "refused or failed to respond to each request . . . ." (*Id.*) Because Mercy Health had certified that it had made good faith efforts to confer about the discovery dispute in accordance with Local Rule 37.1 and my case management order, I set a virtual discovery conference for May 1, 2025, at the same time as the show cause hearing. (*See* Order [non-document], Apr. 30, 2025.)

On May 1, 2025, Ms. Jacobs failed to appear for the show cause/discovery hearing. (*See* Order [non-document], May 1, 2025.) I noted at the time that Ms. Jacobs's conduct had "delayed and hindered the orderly progression of this case." (*Id.*)

Therefore, on May 7, 2025, I submitted a Report and Recommendation, in which I recommended that the Court dismiss this action—without prejudice—as a sanction for Plaintiff's failure to prosecute. (ECF No. 44, PageID #174.) On May 12, 2025, the mailings of my April 30 and May 1 orders to Ms. Jacobs were returned as undelivered; the returned envelopes identified a new address for Ms. Jacobs. (ECF Nos. 45–46.) Ms. Jacobs had not filed a change of address form with the court.

On May 28, 2025, Ms. Jacobs filed an objection to my report and recommendation, stating, among other things, that she did not receive the orders for the status conference or the show-cause hearing due to a change in her address. (ECF No. 47).

On May 30, 2025, Ms. Jacobs filed an opposition to Mercy Health's motion to compel. (ECF No. 48). She wrote that she had not refused to sit for a deposition but rather had "request[ed] the deposition be conducted via phone . . . by stenographer." (*Id.*, PageID# 187.) She said that she "has the right to make [that] request" and that neither "[t]he court nor the Defendant's attorney can force [her] into being video taped and audio recorded against her will." (*Id.*, PageID# 187–88.)

On June 3, 2025, Ms. Jacobs filed a fifth motion to recuse. (ECF No. 49.)

On June 11, 2025, Ms. Jacobs filed an interlocutory appeal from my report and recommendation recommending dismissal. (ECF No. 50.) The appeals court ultimately dismissed the appeal for lack of jurisdiction and then denied a petition for rehearing. (ECF Nos. 51, 52, 53).

On February 10, 2026, Ms. Jacobs filed a document styled as a "motion for a response," in which she requested that the Chief Judge of this Court respond to her arguments opposing my recommendation of dismissal. (*See* ECF No. 55.)

On March 6, 2026, the Court declined to adopt my report and recommendation, finding that—while Ms. Jacobs should have notified the Court of her changes of address and monitored the docket—dismissal was not appropriate under the circumstances of the case, including because she may have misunderstood the effect of the withdrawal of her filing privileges. (*See generally* ECF No. 56.)

However, the Court advised Ms. Jacobs that failure to comply with future directives may result in sanctions, including but not limited to dismissal with prejudice:

> First, the Court reminds Jacobs that, although she is proceeding *pro se*, she is responsible for understanding and following: (1) all Court Orders issued by Magistrate Judge Armstrong and the undersigned (including the requirements of Judge Armstrong's CMC Order (Doc. No. 12)); (2) the Local Rules for the Northern District of Ohio, including Local Rule 37.1; and (3) the Federal Rules of Civil Procedure.
>
> . . .

Fourth, the Court reminds and advises Jacobs that she is required, like any litigant, to treat Court staff and opposing counsel with civility. The Court notes in particular that, if counsel for Defendant seeks to engage in a meet and confer with Jacobs regarding a discovery dispute as required by Judge Armstrong's CMC Order . . ., Jacobs may not simply refuse to do so. Rather, Jacobs must respond to any such requests with civility and professionalism.

(*Id.* at PageID# 255–56.)

In the same order, the Court denied Ms. Jacobs's objection to Defendant's motion to compel, her "motion for a response," and her fifth recusal motion. (ECF No. 56.)

I thereafter reset the case management dates, giving the parties to July 1, 2026, to complete fact discovery (among other things). (*See* Order [non-document] Mar. 9, 2026.)

On April 13, 2026, Ms. Jacobs filed a sixth motion to recuse, which she styled as "Motion for New Presiding Judge and Acceptance of New Order." (ECF No. 57.)

On the same day, Mercy Health requested Ms. Jacobs' availability to sit for a deposition recorded by audiovisual and stenographic means in either April or May of 2025. (ECF No. 60-2, PageID# 284–85.) Ms. Jacobs refused, stating, "I will do a deposition but audio recording only no video. You do not have the right to my image." (*Id.* at PageID# 284.)

On April 14, 2026, Mercy Health's counsel responded that the Civil Rules allow for audiovisual recording and warned that it would unilaterally notice her deposition if she did not indicate whether she would sit for an in-person or remote deposition. (*Id.* at PageID# 283.) Ms. Jacobs responded that she "will only do an audio recording" and said that she would "bring [counsel] up to the attorney review board" if they continued to "i[nti]midate" her for audiovisual recording. (*Id.*)

Ms. Jacobs did not respond with her availability to meet and confer but instead stated, "I will proceed with a separate lawsuit against the attorneys in this case for your consistent untruths

8

and lies . . . ." (*Id.*, PageID# 282.) Mercy Health unilaterally noticed Ms. Jacobs's deposition for April 28, 2026. (ECF No. 58.)

Also on April 14, 2026, Judge Barker denied the sixth recusal motion and reiterated that "[a]s this Court has repeatedly explained, Plaintiff's subjective view is not sufficient, standing alone, to support a recusal motion." (*See* Order [non-document] Apr. 14, 2026.)

On April 15, 2026, Mercy Health filed a motion for sanctions, asking the Court to sanction Ms. Jacobs for "repeated vexatious actions and misconduct," noting her repeated motions for recusal and the "multiple grievances against Mercy's attorneys" that she has filed. (*See* ECF No. 60, PageID# 270, "First Motion for Sanctions"). That motion is pending.

In the First Motion for Sanctions, Mercy Health collects cases from courts around the country in which Ms. Jacobs has been deemed vexatious or been admonished in one way or another. (*See id.* at PageID# 271–73.) For instance, Mercy Health identifies that in 2024 the U.S. Supreme Court revoked her right to file in forma pauperis civil actions. *Id.*, citing *Jacobs v. Quest Diagnostics*, No. 23-7446, 2024 WL 4427547, *1 (U.S. Supreme Ct. Oct. 7, 2024) ("As petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petition" without a docketing fee).

On April 20, 2026, Ms. Jacobs filed a seventh motion to recuse. (ECF No. 63.) She also filed an objection to the motion for sanctions, which she asked "to be reviewed by chief judge only." (ECF No. 64.) The same day, Mercy Health filed a reply in support of their First Motion for Sanctions. (ECF No. 61.)

Judge Barker denied Ms. Jacobs's seventh motion for recusal on April 23, 2026. (*See* Order [non-document] Apr. 23, 2026.)

On April 28, 2026, Ms. Jacobs failed to appear for her noticed deposition. (*See* ECF No. 66, PageID# 330.)

On April 29, 2026, Ms. Jacobs filed a response to Mercy Health's reply brief in support of its First Motion for Sanctions. (ECF No. 65.)

On May 11, 2026, Mercy Health filed a Second Motion for Sanctions, asking the Court for sanctions against Ms. Jacobs for failure "to appear for her duly noticed deposition." (ECF No. 66, PageID# 330.) Mercy Health certified that they attempted to meet and confer with Ms. Jacobs on several occasions, including on April 27, 2026. (*Id.* at PageID# 331–32)

On May 18, 2026, I ordered Ms. Jacobs to file a response to the Second Motion for Sanctions. (Order [non-document], May 18, 2026.)

Ms. Jacobs filed an opposition on May 26, 2026, arguing, among other things, that she "has done nothing for sanctions," as "[t]he Defendant's attorney intentionally set up a deposition in April 2026 for video against the Plaintiff's will," and they "never tried to confer with [her]." (ECF No. 67, PageID# 353–54.)

Two days later, Mercy Health filed a reply in support of their second motion for sanctions, reiterating that "Plaintiff refused to meet and confer; failed to file a motion for protective order; and failed to attend the deposition as noticed." (ECF No. 68, PageID# 373.)

On June 1, 2026, Ms. Jacobs filed a "Motion to Strike the Friv[o]lous, Retaliatory and Unconstitutional Motion for Sanctions Issued by the Defendant's Attorneys." (ECF No. 69.) She wrote, among other things, that the "presiding judges" were "conspiring" with defense counsel "to avenge for the lawful filings of the Plaintiff for the wrongful actions of the judges and Defendant's attorney to the proper boards for review." (*Id.* at PageID# 377.)

On June 5, 2026, Mercy Health filed an opposition to the motion to strike. (ECF No. 70.)

10

This Report and Recommendation follows.

### III.    LEGAL ANALYSIS

A district court may order sanctions if "a party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). Such a failure "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2); *see also EMW Women's Surgical Ctr., P.S.C. v. Friedlander*, 978 F.3d 418, 446–47 (6th Cir. 2020), *abrogated in part on other grounds by Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215 (2022). Sanctions may include "dismissing the action or proceeding in whole or in part" and "the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(A)(v) & 37(d)(3).

The Sixth Circuit has noted that "the factors considered when reviewing a dismissal under Rule 41(b), Rule 37(b), or a court's inherent power are largely the same." *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1094 n.1 (6th Cir. 1994).

Courts apply a four-factor test drawn from the Sixth Circuit's decision in *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586 (6th Cir. 2001):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Id.* at 589.

While none of the four factors is usually outcome dispositive, a case is "properly dismissed . . . where there is a clear record of delay or contumacious conduct." *Knoll v. Am. Tel. & Tel. Co.*,

176 F.3d 359, 363 (6th Cir. 1999). "Contumacious conduct refers to behavior that is perverse in resisting authority and stubbornly disobedient." *Carpenter v. City of Flint*, 723 F.3d 700, 704–05 (6th Cir. 2013) (internal quotation marks and citations omitted.) It shows "either an intent to thwart judicial proceedings or a reckless disregard for the effect of . . . conduct on those proceedings." *Id.* (citations omitted).

"Determining whether dismissal is the appropriate sanction is a matter within the discretion of district courts." *Jackson v. Sterilite Corp.,* Nos. 5:13CV861, 5:13CV862, 2014 WL 5307911 at *2 (N.D. Ohio Oct. 16, 2014) (citing *Wright v. Coca-Cola Bottling Co.,* 41 F. App'x 795, 795 (6th Cir. 2002)); *see also Allen v. Stark State College*, No. 5:17CV02706, 2019 WL 3387772, at *6 (N.D. Ohio July 26, 2019).

Applying those factors to this case, each weighs in favor of dismissal with prejudice.

### A.        Whether Plaintiff's failure is due to willfulness, bad faith, or fault.

The first factor considers whether Ms. Jacobs's failures are the result of willfulness, bad faith, or fault. Ms. Jacobs initiated this lawsuit and seeks a judgment against Mercy Health for backpay and $80,000 in punitive damages. (ECF No. 4, PageID# 11.) Yet when it came to deposition discovery, she refused to cooperate with Mercy Health to schedule a deposition in a format expressly allowed by the Civil Rules. (ECF No. 43-2, PageID# 158–60; ECF No. 60-2, PageID# 282-285.) She then failed to appear for her noticed deposition on April 28, 2026. (ECF No. 66-3, PageID# 347.) Ms. Jacobs has repeatedly demanded that the deposition be done without video recording, stating, among other things, that she is "only going to do an audio deposition as the law requires (it is optional to do a video, and you cannot force me to do a video recording)." (Doc. 66-2.)

Judge Barker had previously expressly reminded Plaintiff that "if counsel for Defendant seeks to engage in a meet and confer . . . regarding a discovery dispute . . . **[she] may not simply refuse to do so.** Rather, [she] must respond to any such requests with civility and professionalism." (ECF No. 56, PageID# 256) (emphasis added). Ms. Jacobs refused to meet and confer regarding the dispute after Mercy Health "requested [her] availability to meet and confer in good faith on issues related to [the] deposition" on at least four occasions.[1] (ECF No. 66-2, PageID# 337). Instead, Ms. Jacobs has threatened to proceed separate lawsuits and lodge ethics complaints against the case participants. (*E.g.*, ECF No. 60-2, PageID# 282.)

Moreover, to the extent Ms. Jacobs has an objection to the deposition format, she did not properly object to it. Specifically, she argues that the deposition is objectionable, saying she "will only do an audio recording," but she did not file a motion for protective order challenging the discovery request. (ECF No. 66-2, PageID# 330.) Failure to appear for a deposition "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." *Friedlander*, 978 F.3d at 446 (citing Fed. R. Civ. P. 37(d)(2)).

I find that Plaintiff's repeated failure to participate in discovery has caused delay and is "the type of contumacious conduct that commonly leads to dismissal." *McGuire v. Highmark Holdings*, No. 22-5881, 2023 U.S. App. LEXIS 7954, at *6, 2023 WL 5242506 (6th Cir. Apr. 3, 2023) (holding dismissal with prejudice proper where plaintiff repeatedly failed to meet her discovery obligations, including unilaterally canceling her deposition, and disregarded the trial court's orders, insisting that defense counsel were "unethical").

---

[1] Mercy Health's Second Motion for Sanctions lists the following dates that it attempted to confer with Ms. Jacobs: "4/23/2026; 4/14/2026; 4/28/2025; 4/25/2025; 4/23/2025." Thus, "4/23/2026" is listed twice, and it is unclear whether this date is a typographical error or simply duplicative.

Ms. Jacobs's adamant refusal to cooperate in scheduling and to appear for a deposition, without offering any legal objection, suggests either an intent to thwart judicial proceedings or a reckless disregard for the effect of her conduct on them. *Id.*; *see also Aslani v. Sparrow Health Sys.*, No. 1:08-CV-298, 2010 WL 4135036, at *7 (W.D. Mich. July 16, 2010) (finding that a "plaintiff's failure or refusal to cooperate in arranging and effecting his own deposition was willful and in bad faith," as "[n]o other state of affairs logically and credibly explains the fact" that he failed to appear, provided no explanation, and "made no effort to re-schedule . . . ."); *Bass v. Jostens, Inc.*, 71 F.3d 237, 242 (6th Cir. 1995) (holding dismissal with prejudice proper where "there is . . . ample evidence to support the . . . determination that plaintiff's failure to appear at [her] deposition . . . was willful and not due to circumstances beyond her control."); *Moore v. Erickson*, No. 22-2134, 2023 WL 9023353, at *2 (6th Cir. Oct. 5, 2023) (affirming a dismissal where the trial court found that a plaintiff "willfully attempted to disrupt these proceedings and in bad faith intended to prevent Defendants from obtaining discovery by failing to appear for his noticed depositions") (internal quotation marks omitted).

Here, Ms. Jacobs has willfully and in bad faith "fail[ed] to fulfill one of the most basic duties of a plaintiff—to appear for [their] own deposition." *Moore*, 2023 WL 9023353, at *4.

Accordingly, the first factor thus weighs in favor of dismissal.

**B.      Whether Mercy Health was prejudiced by Plaintiff's conduct.**

Mercy Health has been prejudiced by Ms. Jacobs. Mercy Health and its counsel have devoted time and resources to preparing for a deposition that Ms. Jacobs failed to attend. (ECF Nos. 66-1, PageID# 336; ECF No. 66-3, PageID# 347.) Moreover, Ms. Jacobs's actions have prevented Mercy Health from gathering evidence that would support its defenses against the discrimination and retaliation claims. *See Moore*, 2023 WL 9023353, at *3 (holding that a

14

plaintiff's failure to appear for his depositions prejudiced the defendants because it hindered their ability to gather evidence against his claims and forced them to incur unnecessary costs in time and resources).

Accordingly, the second factor also weighs in favor of dismissal.

**C.        Whether Plaintiff was warned that failure to cooperate could lead to dismissal.**

The third factor is whether Ms. Jacobs was warned that failure to cooperate could lead to dismissal. This factor is unquestionably satisfied here. On March 6, 2026, Judge Barker expressly warned Ms. Jacobs that failure to comply with Court directives "may result in sanctions, including but not limited to dismissal with prejudice." (ECF No. 56, PageID# 256).

Ms. Jacobs was advised that she is responsible for "understanding and following: (1) all Court Orders issued by Magistrate Judge Armstrong and the undersigned (including the requirements of Judge Armstrong's CMC Order (Doc. No. 12)); (2) the Local Rules for the Northern District of Ohio, including LR 37.1, and (3) **the Federal Rules of Civil Procedure**." (*Id.*, PageID# 255) (emphasis added). Additionally, the Court reminded Ms. Jacobs "that she is required . . . to treat Court staff and opposing counsel with civility," and noted that " if counsel for Defendant seeks to engage in a meet and confer with Jacobs regarding a discovery dispute . . . Jacobs may not simply refuse to do so. Rather, Jacobs must respond to any such requests with civility and professionalism." (*Id.*)

Despite these warnings and instructions on how to approach discovery disputes and raise disputes with the Court, Ms. Jacobs failed to seek a protective order, failed to meet and confer (instead alleging a conspiracy and making threats against counsel and others), and failed to attend her noticed deposition. Accordingly, I find that Ms. Jacobs has had sufficient warning that the

15

Court would consider dismissal with prejudice if she failed to comply with the Civil Rules and this Court's orders.

    **D.**    <u>**Whether less drastic sanctions were imposed or considered before dismissal was ordered**</u>

The fourth and final factor looks to whether less drastic sanctions were imposed or considered. Courts have recognized that "the sanction of dismissal is appropriate only if the attorney's [or party's] actions amounted to failure to prosecute and no alternative sanction would protect the integrity of the pretrial process." *Wingate v. Wal-Mart Stores, Inc.*, No. 1:16-CV-1785, 2017 WL 1251093 at *4 (N.D. Ohio Mar. 14, 2017) (citing *United States v. $506,069.09 Seized from First Merit Bank*, 664 F. App'x 422, 430 (6th Cir. 2016)), *report and recommendation adopted*, 2017 WL 1235006 (N.D. Ohio Apr. 4, 2017).

Here, I have considered lesser sanctions but conclude that no sanction short of dismissal would protect the integrity of the pretrial process. Significant Court and party resources have been expended in this matter over many months, and Ms. Jacobs has now further delayed the orderly progression of this case by failing to sit for a noticed deposition.

There has been sufficient leniency extended in this case, including that the Court gave Ms. Jacobs every benefit of the doubt when she previously failed to appear for multiple proceedings. The Court has extended numerous warnings about her adherence to court rules and the Civil Rules, including when addressing seven similar motions for recusal. (ECF No. 56.) Those warnings have not stopped Ms. Jacobs from adamantly refusing to be deposed or threatening everyone involved in this case with lawsuits and ethics complaints. (*E.g.*, ECF No. 69, PageID# 378.)

This Court has explicitly warned Ms. Jacobs multiple times that failure to comply with court orders could result in dismissal of the action with prejudice. (*E.g.*, ECF No. 56.) Under the circumstances, there is no reason to believe that a lesser sanction would secure Ms. Jacobs's

compliance with court orders, as she has made clear that she will not participate except on her preferred terms. *See Allen v. Stark State College,* No. 5:17CV2706, 2019 WL 4918671, at \*6 (N.D. Ohio Oct. 4, 2019), *aff'd*, No. 19-3723, 2020 WL 4382781 (6th Cir. June 4, 2020) ("[T]he Court will not reconsider its decision that lesser sanctions would have been more appropriate. Plaintiff makes quite clear . . . that she had no intention of complying with either [another trial judge's] Orders or her discovery obligations . . . until her conditions were met."). Accordingly, after careful consideration, I conclude that dismissal with prejudice is proper.

In light of the instruction that "the court *must* require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure," Fed. R. Civ. P. 37(d)(3) (emphasis added), and because I find that Ms. Jacobs's failure was not substantially justified, if the Court accepts my recommendation I would further recommend that the case be held open for the taking of evidence as to Mercy Health's reasonable expenses caused by Ms. Jacobs's failure to appear at her deposition and a consideration of whether "other circumstances make an award of expenses unjust."

## IV.    CONCLUSION AND RECOMMENDATION

Based on the foregoing, I **RECOMMEND** that the Court **GRANT** Defendant's Second Motion for Sanctions and **DISMISS** this action **WITH PREJUDICE** as a discovery sanction and based on Ms. Jacobs's failure to comply with this Court's orders. If the Court accepts my recommendation, I further **RECOMMEND** that that the case be held open for the taking of evidence as to Mercy Health's reasonable expenses caused by Ms. Jacobs's failure to appear at her deposition and a consideration of whether "other circumstances make an award of expenses unjust." I would further **RECOMMEND** all other pending motions be **DENIED AS MOOT**.

Dated:  June 22, 2026     /s/ *Jennifer Dowdell Armstrong*
            JENNIFER DOWDELL ARMSTRONG
            UNITED STATES MAGISTRATE JUDGE

## V.  NOTICE TO PARTIES REGARDING OBJECTIONS

Local Rule 72.3(b) of this Court provides:

> **Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure.** Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same

argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting Howard). The failure to assert specific objections may, in rare cases, be excused in the interest of justice. See *United States v. Wandahsega*, 924 F.3d 868, 878–79 (6th Cir. 2019).