**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| Erika Jacobs, | Case No.  4:24CV793 |
| Plaintiff, | JUDGE PAMELA A. BARKER |
| -vs- | Magistrate Judge Jennifer Dowdell Armstrong |
| Mercy Health St. Joseph Warren Hospital, | MEMORANDUM OPINION AND ORDER |
| Defendant. | |

Currently pending is the Report & Recommendation of Magistrate Judge Jennifer Dowdell Armstrong (Doc. No. 71), recommending that the Court (1) grant Defendant Mercy Health St. Joseph Warren Hospital's Second Motion for Sanctions (Doc. No. 66); (2) deny all other pending motions (Doc. Nos. 60, 69) as moot; (3) dismiss the instant action with prejudice as a discovery sanction and based on Plaintiff's failure to comply with this Court's Orders; and (4) hold the case open for the taking of evidence as to Defendant's reasonable expenses caused by Plaintiff's failure to appear at her deposition and consideration of whether circumstances make an award of expenses unjust. Plaintiff filed an Objection to Judge Armstrong's Report & Recommendation on July 15, 2026. (Doc. No. 72.)

For the following reasons, Plaintiff's Objection (Doc. No. 72) is OVERRULED and the Report and Recommendation (Doc. No. 71) is ADOPTED as set forth herein.

## I.     Relevant Background[1]

### A.     The Pleadings and Case Management Conference

On May 2, 2024, Plaintiff Erika Jacobs ("Plaintiff" or "Jacobs") filed a *pro se* Complaint against Defendant Mercy Health St. Joseph Warren Hospital in the United States District Court for the Southern District of Ohio, alleging claims for race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.  (Doc. No. 1-1, 4.)  On that same date, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis*.  (Doc. No. 1.)  Jacobs's filings indicated a mailing address of 3700 Avenue B, Scottsbluff, Nebraska.  The Southern District of Ohio transferred the case to this Court, where it was assigned to the undersigned.  (Doc. No. 2.)

On June 24, 2024, the undersigned referred the instant action to Magistrate Judge Armstrong for general pretrial supervision, including overseeing service, conducting a Case Management Conference, overseeing the discovery process, and resolving all non-dispositive motions.  (Doc. No. 7.)  On that same date, Judge Armstrong granted Jacobs's Motion to Proceed *In forma Pauperis*.  (Doc. No. 6.)

On September 4, 2024, Judge Armstrong conducted a Case Management Conference ("CMC"), in which Jacobs and counsel for Defendant participated.  (Doc. No. 12.)  Judge Armstrong thereafter issued a CMC Order, in which she assigned the case to the Standard Track and set various case management deadlines.  (*Id*.)  Judge Armstrong also set a Zoom status conference for March 31, 2025.  (*Id*. at PageID# 55.)  In addition, in her CMC Order, Judge Armstrong expressly advised the parties that: "Discovery disputes shall be governed by the dictates of Local Rule ("LR") 37.1.  The

---

[1] The Court has set forth the full procedural history of this matter in several previous Memorandum Opinions & Orders (Doc. Nos. 33, 37, 56) and will not repeat this information herein.  Familiarity with this Court's Orders is presumed.

parties are also put on notice that the court interprets any certification pursuant to LR 37.1(a)(1) will mean that the party seeking disputed information has actually talked to the opposing party.  No motions pertaining to discovery disputes may be filed without prior authorization from the court." (*Id*. at PageID# 55.)

Defendant thereafter filed its Answer on October 10, 2024.  (Doc. No. 13.)   On October 25, 2024, Jacobs filed a Motion for permission to file electronically.  (Doc. No. 17.)  Judge Armstrong granted the Motion on October 29, 2024 and instructed Jacobs to complete the necessary electronic filing registration form.  (Doc. No. 20.)  Jacobs did so and was thereafter able to electronically file documents in this matter. In addition, by virtue of having been granted permission to file electronically, Jacobs automatically received email notifications of all filings in this case, including Court Orders and Notices.

### B. Written Discovery and Jacob's first four Motions to Recuse

The docket reflects that the parties proceeded to engage in written discovery.  In October 2024, the parties filed Notices of Service of their respective Initial Disclosures.  (Doc. Nos. 15, 16, 19.)  The following month, on November 26, 2024, Defendant filed a Notice of Service of its First Set of Requests for Production of Documents and Requests for Admission.  (Doc. No. 23.)  On December 24, 2024, Jacobs filed a Notice that she had "submitted her answers and a portion of the production of documents to the Defendant via electronic submission/email." (Doc. No. 26.)  Jacobs also filed a Notice of Service of her First Set of Interrogatories, Request for Production of Documents, and Request for Admissions to Defendant on December 23, 2024, followed by a Notice of Service of her Second Set of Interrogatories on January 23, 2025.  (Doc. Nos. 25, 29.)

On January 26, 2025, Jacobs filed her first "Motion to Remove Magistrate Judge Jennifer Dowdell Armstrong as Presiding Judge over the Case." (Doc. No. 30.)  On February 20, 2025, the undersigned issued a Memorandum Opinion & Order denying Jacobs's Motion on several grounds. (Doc. No. 33.)  Of particular note, the Court explained that "[t]he fact that a litigant disagrees with the legal rulings in the case … does not establish that the court's decisions are the product of bias." (*Id.* at p. 6) (citing *Shepard v. United States*, 2009 WL 3106554 at *2–3 (E.D. Mich. Sept.18, 2009)).

On February 19, 2025, Jacobs filed a Motion to Compel Discovery.  (Doc. No. 31.)  Therein, Jacobs asserted that Defendant failed to timely produce documents in response to her Request for Production and, further, had produced "confidential information that has no relevance to the case," including her resume, background check, and an excerpt from her license application. (*Id.*)  Notably, Jacobs did not certify that she had spoken with defense counsel in an attempt to resolve the dispute, as required by Judge Armstrong's CMC Order.

On February 20, 2025, Judge Armstrong denied Jacobs's Motion to Compel without prejudice on the grounds that she had failed to comply with the CMC Order and Local Rule 37.1.  *See* Non-Doc. Order dated Feb. 20, 2025.  Specifically, Judge Armstrong found that "Plaintiff's Motion to Compel contains no certification that the parties have actually talked to each other about the discovery dispute and Plaintiff failed to obtain prior authorization from the Court before filing her Motion to Compel." (*Id.*)

Later that same day, Jacobs filed her second Motion to Recuse, this time seeking to recuse both Judge Armstrong and the undersigned.  (Doc. No. 35.)  On that same day, Jacobs filed an Objection to Judge Armstrong's denial without prejudice of her Motion to Compel, in which she asserted that she had complied with Judge Armstrong's CMC Order.  (Doc. No. 36.)

4

On February 28, 2025, the undersigned issued a Memorandum Opinion & Order denying Jacobs's second Motion to Recuse and her Objection.  (Doc. No. 37.)  In addition, the Court reminded Jacobs that an attorney or unrepresented party must have a good faith basis for filing motions in this Court.  (*Id.* at PageID# 129.)  The Court noted that "Plaintiff has filed two Motions for Recusal based solely on the fact that she is unhappy with the Court's rulings" and remarked that "[t]he Court has now repeatedly advised Plaintiff that this is not, standing alone, a sufficient basis for recusal."  (*Id.*)  The Court cautioned Jacobs "if she continues to file unsupported motions for recusal based solely on her disagreement with the Court's rulings, the Court will consider withdrawing her electronic filing privileges and/or imposing filing restrictions."  (*Id.*)

Shortly thereafter, on March 9, 2025, Jacobs filed her third Motion to Recuse, again seeking the recusal of both Judge Armstrong and the undersigned.  (Doc. No. 38.)  On March 11, 2025, the undersigned denied Jacobs's third Motion to Recuse for the reasons set forth in this Court's previous Memorandum Opinion & Orders.  *See* Non-Doc. Order dated March 11, 2025.  In addition, the Court again expressly warned Jacobs that "her electronic filing privileges will be withdrawn if she files any future recusal motions that are based solely on her disagreement with the Court's rulings."  (*Id.*)

On March 25, 2025, Jacobs filed her fourth Motion to Recuse, as well as another Objection to Judge Armstrong's denial without prejudice of her Motion to Compel.  (Doc. Nos. 39, 40.)  On March 28, 2025, Judge Armstrong construed Jacobs's Motion and Objection as Motions for Reconsideration, and denied them both.  *See* Non-Doc. Order dated March 28, 2025.  In addition, and "based upon Plaintiff's continued apparent unwillingness and/or inability to comply with the clear instructions of this Court and applicable rules of civil procedure," Judge Armstrong withdrew Jacobs's electronic filing privileges.  *Id.*

Thus, as of March 28, 2025, Jacobs no longer had the ability to electronically file any documents in this action.  In addition, because she no longer had electronic filing privileges, Jacobs no longer received automatic email notifications of filings in this action.  Rather, all filings and notices (including Court filings and notices) were required to be mailed to Jacobs via regular mail.  Although Jacobs did not file a change of address form or otherwise properly notify this Court that she had changed addresses,[2] the docket reflects that her fourth Motion to Recuse included a new mailing address of P.O. Box 28192, Kansas City, MO.  (Doc. No. 40 at PageID# 142.)  The docket reflects that the Court thereafter mailed copies of Court filings and notices to Jacobs at this Kansas City, MO address.

### C.      Jacobs fails to Appear for a Status Conference, Show Cause Hearing, or her Deposition

As noted *supra,* in her CMC Order, Magistrate Judge Armstrong set a Zoom status conference for March 31, 2025.  (Doc. No. 12 at PageID# 55.)  On that date, Judge Armstrong and counsel for Defendant appeared for the status conference but Jacobs did not.  Judge Armstrong then issued a non-doc Order, in which she acknowledged that (due to a typographical error in an email from the Court) there might have been some confusion regarding the date and time of the conference. (Non-Doc. Order dated March 31, 2025).  Judge Armstrong therefore reset the conference for April 16, 2025. (*Id*.)  In addition, Judge Armstrong noted that "Plaintiff is hereby on notice and expressly warned

---

[2] Like all litigants, Jacobs has had an affirmative duty throughout this litigation to provide her current mailing address to the Court and to promptly notify this Court of any change in her mailing address.  *See, e.g., Barber v. Runyon,* 1994 WL 163765 at *1 (6th Cir. May 2, 1994) ("If [*pro se* plaintiff's] address changed, he had an affirmative duty to supply the court with notice of any and all changes in his address."); *Washington v. Ohio*, 2024 WL 4664709 at *2 (N.D. Ohio Nov. 4, 2024) ("*Pro se* litigants have the same obligation as an attorney to notify the court of a change of address."); *Mann v. Heartland Behavioral Healthcare*, 2025 WL 3693586 at * 1 (N.D. Ohio Dec. 19, 2025) (noting that "petitioner has an affirmative duty to notify the Court of any change in his address and his failure to do so further justifies dismissal."), *adopted by* 2026 WL 49926 (N.D. Ohio Jan. 7, 2026).

that if she fails to appear at the re-set Zoom status conference on 4/16/2025 at 9:00 a.m. that the Court will consider recommending the issuance of sanctions, including the dismissal of this action. *See Bowles v. City of Cleveland*, 129 Fed. Appx 239, 2005 WL 953853 (6th Cir. 2005)." (*Id.*) Copies of the above Order and the videoconference access information were mailed to Jacobs at her Kansas City, MO address on that same date, and were not returned undeliverable.

On April 16, 2025, Judge Armstrong and counsel for Defendant appeared for the rescheduled Zoom status conference but, again, Jacobs did not appear. (Doc. No. 42.) Judge Armstrong issued an Order to Show Cause, which provided in relevant part as follows:

> Plaintiff's absences have delayed and hindered the orderly progression of this case. Accordingly, it is hereby ORDERED that Plaintiff shall appear before this Court via Zoom on May 1, 2025 at 9:00 a.m. to show cause why this Court should not recommend sanctions – including but not limited to dismissal of the case with prejudice, monetary penalties, or any other appropriate sanction – for failure to comply with court orders and appear as required. The Court will separately provide the parties with Zoom dial-in instructions. Plaintiff is on notice that failure to appear at the show cause hearing may result in the recommendation of immediate sanctions, including dismissal of this action with prejudice.

(*Id*. at PageID# 148.) Copies of the Order to Show Cause and the video conference access information were mailed to Jacobs at her Kansas City, MO address on that same date, and were not returned undeliverable.

On April 29, 2025, Defendant filed a Motion for Leave to File Motion to Compel *Instanter*. (Doc. No. 43.) Therein, Defendant explained that it had noticed Jacobs's deposition for April 29, 2025 via Zoom and had indicated that the deposition would be recorded by audiovisual means. (*Id*.) Defendant asserted that Jacobs "insist[ed] the deposition proceed by telephone with no video or recording," which was not acceptable to Defendant. (*Id*. at PageID# 149.) Defendant certified that it had made "repeated sincere, good faith efforts to resolve the instant discovery dispute," including

requesting that Jacobs meet and confer regarding discovery issues on April 21, 22, and 24, 2025.  (*Id*.)  According to Defendant, however, Jacobs "refused or failed to respond to each request to meet and confer."  (*Id*.)  In its attached Motion to Compel, Defendant asked that the Court (1) compel Jacobs to sit for a deposition, either in-person or via Zoom with her camera on, to be recorded by stenographic and audiovisual means as noticed; (2) extend the current discovery deadline to May 15, 2025, to allow time for Jacobs's deposition; and (3) award sanctions, including costs.  (Doc. No. 43-1.)

On April 30, 2025, Magistrate Judge Armstrong set a Zoom Discovery Conference for May 1, 2025 at 9:00 a.m., i.e., at the same time as the previously set Show Cause Hearing.  *See* Non-Doc. Order dated April 30, 2025.  On May 1, 2025, Judge Armstrong and counsel for Defendant appeared for the Zoom Show Cause Hearing and Discovery Conference, but Jacobs did not appear.  *See* Non-Doc Order dated May 1, 2025.  Magistrate Judge Armstrong "reiterate[d] that Plaintiff's absences have delayed and hindered the orderly progression of the case and will take this matter under advisement." *Id*.  Copies of Judge Armstrong's April 30, 2025 and May 1 2025 Orders were timely mailed to Jacobs at her Kansas City, MO address.

The docket reflects that Jacobs failed, at any point in time prior to Magistrate Judge Armstrong's April 16, April 30, and/or May 1, 2025 Orders, to file a Notice of Address Change in this action.

### D.  Report & Recommendation and Objections (Doc. Nos. 44, 47, 48); Fifth Motion to Recuse

On May 7, 2025, Judge Armstrong issued a Report & Recommendation (hereinafter "May 7, 2025 R&R") in which she recommended that the undersigned dismiss the instant action without prejudice for failure to prosecute.  (Doc. No. 44.)  After setting forth a condensed version of the above

procedural history, Judge Armstrong applied the four factor test for dismissal for failure to prosecute set forth in *Mulbah v. Detroit Board of Education*, 261 F.3d 586 (6th Cir. 2001)[3] and found that all four factors weighed in favor of dismissal. (*Id.* at PageID#s 171-174.) However, "mindful that [Jacobs] is proceeding *pro se* and that she has, by and large, actively participated in the case," Judge Armstrong recommended that the dismissal be without prejudice. (*Id.* at PageID# 174.) Lastly, in light of her recommendation that the instant action be dismissed without prejudice, Judge Armstrong denied Defendant's Motion to Compel without prejudice as moot. (*Id*. at PageID#s 174-175.) She noted that, "if the Court declines to adopt my recommendation that the case be dismissed, [Defendant] may renew its motion to compel." (*Id*.) Objections were due within fourteen days, i.e., by no later than May 21, 2025.

The docket reflects a copy of Judge Armstrong's May 7, 2025 R&R was mailed to Jacobs at her Kansas City, MO address on May 7, 2025. However, shortly thereafter, the Clerk's Office received returned mail, indicating that the copies of Judge Armstrong's April 30, 2025 and May 1, 2025 Orders that had been mailed to Jacobs at her Kansas City, MO were "returned to sender." (Doc. Nos. 45, 46.) The "return to sender" stamp on the returned envelopes indicated a different mailing address for Jacobs of P.O. Box 271, Blue Springs, MO. (*Id*.)

On May 28, 2025, Jacobs filed a "Motion to Object [to] Order Received on 5-21-25 for Sanctions and Dismissal of Case." (Doc. No. 47.) Therein, Jacobs argued that she "never received any order or any proceedings request scheduling a status conference on 3-31-25, 4-16-25, and 5-1,

---

[3] In *Mulbah,* the Sixth Circuit directed district courts to consider the following four factors in evaluating whether dismissal for failure to prosecute is appropriate: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Mulbah,* 261 F.3d at 589.

9

25." (*Id.*)  Jacobs asserted that her "email is on file with the court and the court can email the Plaintiff any orders needed for the court case but has chosen not to do so in malice." (*Id.*)

Two days later, on May 30, 2025, Jacobs filed a "Motion to Object for Leave to File Motion to Compel *Instanter* filed by the Defendant's Attorneys." (Doc. No. 48.)  Therein, Jacobs argued that she "did not disagree to take a deposition." (*Id.*)  Rather, Jacobs maintained that she requested her deposition be conducted via telephone by a stenographer, asserting that she "has the right to make the request." (*Id.*)  Jacobs argued that neither "the court nor the Defendant's attorney can force the Plaintiff into being videotaped or audio recorded against her will, when there is another method more accustomed by law for the deposition:  stenographer." (*Id.*)

On June 3, 2025, Jacobs filed her fifth Motion to Recuse.  (Doc. No. 49.)  She asserted that her request is "due to unethical behavior and bias of both judges" and requested that her motion be reviewed "by the Chief Judge."[4] (*Id.*)

### E.      This Court's March 6, 2026 Opinion & Order

On March 6, 2026, the undersigned issued a Memorandum Opinion & Order, in which it declined to adopt Judge Armstrong's recommendation that the instant matter be dismissed without prejudice for failure to prosecute.  (Doc. No. 56.)  The Court found that, while Jacobs should have notified the Court of her changes of address and  monitored the docket, dismissal was not appropriate under the circumstances, including because Jacobs may have misunderstood the effect of the

---

[4] In addition, on June 11, 2025, Jacobs filed an Interlocutory Appeal with the Sixth Circuit Court of Appeals.  (Doc. No. 50.)  The Sixth Circuit dismissed Jacobs's appeal on August 15, 2025 for lack of jurisdiction.  (Doc. No. 51.)  On October 21, 2025, Jacobs filed a motion for extension of time to file for petition for panel rehearing.  (Doc. No. 52.)  On November 4, 2025, the Sixth Circuit granted Jacobs's motion and accepted her petition as filed.  (*Id.*)  Thereafter, on December 9, 2025, the Sixth Circuit denied Jacobs's petition for rehearing.  (Doc. No. 53.)

withdrawal of her electronic filing privileges.  (*Id*.)  However, the Court expressly advised Jacobs as

follows:

> First, the Court reminds Jacobs that, although she is proceeding *pro se*, she is responsible for understanding and following: (1) all Court Orders issued by Magistrate Judge Armstrong and the undersigned (including the requirements of Judge Armstrong's CMC Order (Doc. No. 12)); (2) the Local Rules for the Northern District of Ohio, including Local Rule 37.1; and (3) the Federal Rules of Civil Procedure.

> Second, the Court hereby orders that Jacobs is required to timely appear for, and participate in, all scheduled Court proceedings as directed by Magistrate Judge Armstrong and/or the undersigned. If Jacobs is confused or uncertain about the time or date of any scheduled conference, she has the affirmative duty to timely file a motion on the docket seeking clarification.

> Third, as noted repeatedly above, the Court hereby reminds Jacob that she has the affirmative duty and responsibility to notify this Court of any change in her mailing address by filing a Notice of Address Change on the docket. Although the Court chose in the exercise of its discretion to excuse Jacobs's past failures to do so in this case, the Court makes clear that it will not excuse any future failures by Jacobs to properly and timely notify the Court of changes to her regular mailing address. To be very clear, the Court will mail any Court filings, Orders, notices, etc. to the most recent mailing address provided to this Court by Jacobs in a properly filed Notice of Address Change. The Court will presume that Jacobs has received any Court filings that are mailed to the most recent mailing address that she has provided on the docket.

> Fourth, the Court reminds and advises Jacobs that she is required, like any litigant, to treat Court staff and opposing counsel with civility. The Court notes in particular that, if counsel for Defendant seeks to engage in a meet and confer with Jacobs regarding a discovery dispute as required by Judge Armstrong's CMC Order (Doc. No. 12), Jacobs may not simply refuse to do so. Rather, Jacobs must respond to any such requests with civility and professionalism.

> Finally, the Court hereby expressly warns Jacobs that failure to comply with any of the above directives may result in sanctions, including but not limited to dismissal with prejudice.

(*Id*. at PageID#s 255-256.)  In the same Order, the Court denied Jacobs's Objection to Defendant's

Motion to Compel, her Motion for a Response, and her fifth Motion to Recuse.  (*Id*. at PageID#s 256-

11

261.)  The Court mailed a copy of its March 6, 2026 Memorandum Opinion & Order to Jacobs at a new Kansas City, MO address (Doc. No. 54), and it was not returned undeliverable.

### F.     First Motion for Sanctions (Doc. No. 60)

On March 9, 2026, Judge Armstrong issued a non-document Order, resetting the case management deadlines.  (Non-Doc Order dated March 9, 2026.)  The following month, Jacobs filed her sixth Motion to Recuse, which this Court denied on April 14, 2026.  (Doc. No. 57; Non-Doc. Order dated April 14, 2026).

Meanwhile, on April 13, 2026, Defendant sent an email to Jacobs, requesting her availability to sit for a deposition recorded by audiovisual and stenographic means in either April or May of 2026. (Doc. No. 60-2 at PageID#s 284–285.)  Jacobs responded via email as follows: "I will do a deposition but audio recording only no video. You do not have the right to my image.... Please do not start again with requesting the right to keep my image in the form of a video on file with your company indefinitely. No no no."  (*Id*. at PageID# 284.)  On April 14, 2026, Defendant responded that the Civil Rules allow for audiovisual recording and warned that it would unilaterally notice Jacobs's deposition if she did not indicate whether she would sit for an in-person or remote deposition.  (*Id*. at PageID#s 283-284.)  Jacobs responded that she was available for a deposition in May 2026 but insisted that she "will only do an audio recording."  (*Id*.)  Jacobs further indicated that she would "bring [counsel] up to the attorney review board" if they continued to "i[nti]midate" her for audiovisual recording.  (*Id*.) Jacobs did not respond with her availability to meet and confer, and instead indicated that she would "proceed with a separate lawsuit against the attorneys in this case for your consistent untruths and lies . . . ."  (*Id*. at PageID# 282.)  Defendant then unilaterally noticed Jacobs's deposition for April 28, 2026, via Zoom.  (Doc. No. 58.)

12

On April 15, 2026, Defendant filed a Motion for Sanctions (hereinafter "First Motion for Sanctions"), in which it asked the Court to sanction Jacobs for her "repeated vexatious actions and misconduct within this litigation," including filing "multiple grievances against [Defendant's] attorneys." (Doc. No. 60 at PageID# 270.) Citing Fed. R. Civ. P. 11, 28 U.S.C. § 1915, 28 U.S.C. § 1927, and Sixth Circuit precedent, Defendant requested that the Court enter the following sanctions: (1) award "attorneys' fees related to this motion and the repeated frivolous filings from Plaintiff;" (2) rescind Plaintiff's *in forma pauperis* status in accordance with § 1915(e); (3) award "costs related to Plaintiff's improper circumvention of the judicial process by filing lawsuits and grievances based on this Court's discovery orders;" (4) "enter injunctive relief barring Plaintiff from prospective malicious and frivolous filings, proceedings, and grievances against Mercy and its attorneys;" (5) award "excess costs, expenses, and attorneys' fees reasonably incurred because of" Plaintiff's discovery abuses and frivolous filings; and (6) order dismissal of the instant action with prejudice. (*Id*. at PageID# 271.) Defendant further requested that the Court set an evidentiary hearing on the matter of fees and costs. (*Id*.) Jacobs opposed Defendant's First Motion for Sanctions, asserting that her behavior was not vexatious and accusing Defendant's attorneys of defaming her and retaliating against her. (Doc. Nos. 61-1, 65)

### G. Second Motion for Sanctions (Doc. No. 66)

Jacobs failed to appear for her deposition on April 28, 2026.[5] (Doc. No. 66 at PageID# 330.)

---

[5] As noted *supra*, on April 14, 2026, Defendant noticed Jacobs's deposition to take place via Zoom on April 28, 2026. On April 23, 2026, Defendant's counsel emailed instructions to Jacobs to access the deposition through Zoom videoconference. (Doc. No. 66-2 at PageID#s 338-339.) Jacobs responded as follows: "I will not be available on April 28, 2026 and I am only going to do an audio disposition as the law requires ( it is optional to do video and you cannot force me to do a video recording)." (*Id*. at PageID# 337.) Defendant represents that it attempted to meet and confer with Jacobs regarding this issue "several times" but that Jacobs refused. (Doc. No. 66-2 at PageID#337; Doc. No. 66 at PageID#s 331-332.)

In response, on May 11, 2026, Defendant filed its second Motion for Sanctions ("Second Motion for Sanctions"). (Doc. No. 66.) Therein, Defendant requests that the Court enter sanctions against Jacobs pursuant to Fed. R. Civ. P. 37, including (1) "monetary sanctions in the amount of $438.00, incurred by [Defendant] related to Plaintiff's failure to appear for her duly noticed deposition;" (2) "reasonable attorney fees, as determined at an evidentiary hearing;" (3) an Order prohibiting Jacobs from introducing affidavit or testimonial evidence in this case; and (4) "dismissal with prejudice, or [an] order [for] Jacobs to appear for deposition in-person in the Northern District of Ohio to be recorded by audiovisual and stenographic means pursuant to Civil Rule 30." (*Id.*)

Jacobs filed an "Objection" to Defendant's Motion on May 26, 2026. (Doc. No. 67.) Shortly thereafter, on June 1, 2026, Jacobs filed a "Motion to Strike the Frivolous, Retaliatory, and Unconstitutional Motion for Sanctions issued by Defendant's Attorneys." (Doc. No. 69.) Defendant filed a Brief in Opposition to Jacobs's Motion to Strike on June 5, 2026. (Doc. No. 70.)

**H.      Report & Recommendation (Doc. No. 71)**

On June 22, 2026, Judge Armstrong issued a Report and Recommendation (hereinafter "June 22, 2026 R&R") regarding the pending Motions. (Doc. No. 71.) After reciting the procedural history, Judge Armstrong correctly noted that:

> A district court may order sanctions if "a party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). Such a failure "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2); *see also EMW Women's Surgical Ctr., P.S.C. v. Friedlande*r, 978 F.3d 418, 446–47 (6th Cir. 2020), *abrogated in part on other grounds by Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215 (2022). Sanctions may include "dismissing the action or proceeding in whole or in part" and "the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(A)(v) & 37(d)(3).

> The Sixth Circuit has noted that "the factors considered when reviewing a dismissal under Rule 41(b), Rule 37(b), or a court's inherent power are largely the same." *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1094 n.1 (6th Cir. 1994). Courts apply a four-factor test drawn from the Sixth Circuit's decision in *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586 (6th Cir. 2001):
>
> > (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.
>
> *Id*. at 589.  While none of the four factors is usually outcome dispositive, a case is "properly dismissed . . . where there is a clear record of delay or contumacious conduct." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). "Contumacious conduct refers to behavior that is perverse in resisting authority and stubbornly disobedient." *Carpenter v. City of Flint*, 723 F.3d 700, 704–05 (6th Cir. 2013) (internal quotation marks and citations omitted.) It shows "either an intent to thwart judicial proceedings or a reckless disregard for the effect of . . . conduct on those proceedings." *Id*. (citations omitted).

(*Id*. at PageID#s 399-400.)

In a detailed and thorough analysis, Judge Armstrong then concluded that all four factors weigh in favor of dismissal with prejudice. (*Id*. at PageID#s 400-405.) Specifically, Judge Armstrong concluded that the first factor weighs in favor of dismissal because "Ms. Jacobs's adamant refusal to cooperate in scheduling and to appear for a deposition, without offering any legal objection, suggests either an intent to thwart judicial proceedings or a reckless disregard for the effect of her conduct on them." (*Id.*)  Regarding the second factor, Judge Armstrong found that Defendant has been prejudiced by Jacobs's actions because Defendant (1) devoted time and resources to preparing for a deposition that Jacobs failed to attend; and (2) was prevented from gathering evidence that would support its defenses against Jacobs's discrimination and retaliation claims. (*Id.*)  Citing this Court's March 6, 2026 Memorandum Opinion & Order, Judge Armstrong then found that the third factor was

15

"unquestionably satisfied here."  (*Id*.)  And, lastly, Judge Armstrong found that the fourth factor

weighs in favor of dismissal with prejudice, explaining as follows:

> Here, I have considered lesser sanctions but conclude that no sanction short of dismissal would protect the integrity of the pretrial process. Significant Court and party resources have been expended in this matter over many months, and Ms. Jacobs has now further delayed the orderly progression of this case by failing to sit for a noticed deposition.
>
> There has been sufficient leniency extended in this case, including that the Court gave Ms. Jacobs every benefit of the doubt when she previously failed to appear for multiple proceedings. The Court has extended numerous warnings about her adherence to court rules and the Civil Rules, including when addressing seven similar motions for recusal. (ECF No. 56.) Those warnings have not stopped Ms. Jacobs from adamantly refusing to be deposed or threatening everyone involved in this case with lawsuits and ethics complaints. (E.g., ECF No. 69, PageID# 378.)
>
> This Court has explicitly warned Ms. Jacobs multiple times that failure to comply with court orders could result in dismissal of the action with prejudice. (E.g., ECF No. 56.) Under the circumstances, there is no reason to believe that a lesser sanction would secure Ms. Jacobs's compliance with court orders, as she has made clear that she will not participate except on her preferred terms. *See Allen v. Stark State College*, No. 5:17CV2706, 2019 WL 4918671, at *6 (N.D. Ohio Oct. 4, 2019), *aff'd*, No. 19-3723, 2020 WL 4382781 (6th Cir. June 4, 2020) ("[T]he Court will not reconsider its decision that lesser sanctions would have been more appropriate. Plaintiff makes quite clear . . . that she had no intention of complying with either [another trial judge's] Orders or her discovery obligations . . . until her conditions were met."). Accordingly, after careful consideration, I conclude that dismissal with prejudice is proper.

(*Id*. at PageID#s 404-405.)

Based on the above, Judge Armstrong recommends that the Court (1) grant Defendant's

Second Motion for Sanctions (Doc. No. 66); (2) deny Defendant's First Motion for Sanctions and

Jacobs's Motion to Strike (Doc. Nos. 60, 69) as moot; (3) dismiss the instant action with prejudice;

and (4) "hold the case open for the taking of evidence as to Defendant's reasonable expenses caused

by Plaintiff's failure to appear at her deposition and consideration of whether circumstances make an

award of expenses unjust."  (*Id*. at PageID# 405.)  A copy of the R&R was mailed to Jacobs at her

most recent address, i.e., P.O. Box 88221, Indianapolis, IN (Doc. No. 62) and was not returned undeliverable.

On July 15, 2026, Jacobs filed an Objection.  (Doc. No. 72.)  Therein, Jacobs argues that the R&R is "totally erroneous," "filled with a multitude of untruths," and "totally retaliatory."  (*Id*.)  Jacobs complains that Judge Armstrong failed to send her "any notifications of the last 3 hearings in 2025" and denounces the decision to withdraw her electronic filing privileges.  (*Id*.)  Regarding her failure to appear for her April 28, 2026 deposition, Jacobs argues as follows:

> The Plaintiff was cooperative with having a deposition. The Plaintiff only requested not have a video deposition (that is the Plaintiff's right).  Per the law stated in so many motions submitted to this court, a deposition can be held several ways: stenographic via telephone conference, in person stenographic and or video conference.  Thus, how is the Plaintiff not being cooperative because she let the Defendant know in advance a multitude of times that she would participate in the Deposition but not a video deposition. The Plaintiff requested a stenographic via telephone conference deposition. It is not the Plaintiff's fault or responsibility to pay for services the Defendant's attorneys paid for knowing in advance that the Plaintiff would not participate in a video Deposition. As well as, asking the Plaintiff her availability and maliciously and intentionally scheduling a video deposition on a date and time when the Defendant's attorney knew in advance the Plaintiff would not be able to attend. The court needs to review the facts and stop this bias[] toward the Defendant. The Plaintiff will not pay the Defendant's attorneys any money because she is not required to do so by law (the Plaintiff's unemployment and poverty status has nothing to do with this matter).  IT IS THE DEFENDANT'S ATTORNEYS['] FAULT only FOR PAYMENT of DEPOSITION SERVICES IN WHICH THEY KNEW IN ADVANCE THE PLAINTIFF WOULD NOT BE ABLE TO ATTEND AND DISAGREED WITH VIDEO CONFERENCE (THE PLAINTIFF IS NOT YELLING BUT REQUESTING THE EXHIBITS BE READ BY A NEW PRESIDING JUDGE WHOM VISION IS NOT DETERED WITH ANIMOSITY AND VEGENCE TOWARD THE PLAINTIFF).

(*Id*. at PageID# 409) (capital letters in original).  Lastly, Jacobs complains (again) that Defendant has failed to properly answer her interrogatories and request for production of documents.  (*Id.* at PageID# 410.)

## II.    Standard of Review

Pursuant to Fed. R. Civ. P. 72(b)(3) and 28 U.S.C. § 636(b)(1)(C), the District Court shall review *de novo* any finding or recommendation of a Magistrate Judge's Report and Recommendation to which specific objection is made.  As explained in this Court's Local Rules, the district judge:

> shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.

Local Rule 72.3(b).  "A party who files objections to a magistrate [judge]'s report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.'" *Jones v. Moore*, 2006 WL 903199 at * 7 (N.D. Ohio April 7, 2006) (citing *United States v. Walters,* 638 F.2d 947, 949-950 (6th Cir. 1981)).  *See also Pryor v. Erdos*, 2021 WL 4245038 at * 5 (N.D. Ohio Sept. 17, 2021).

When a party fails to raise a specific objection to a finding of a magistrate judge on a dispositive matter, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. 72(b)(3), Advisory Committee Notes.  *See also Thomas v. Arn,* 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.")

## III.    Analysis

As set forth *supra,* in her June 22, 2026 R&R, Magistrate Judge Armstrong recommends that Defendant's Second Motion for Sanctions (Doc. No. 66) be granted and the instant action dismissed

with prejudice, due to Jacobs's failure to appear for her April 28, 2026 deposition.  (Doc. No. 71.) For the following reasons, the Court agrees.

As an initial matter, the Court finds that Jacobs's Objection (Doc. No. 72) is untimely.  The R&R was filed on June 22, 2026.  Therein, Judge Armstrong expressly noted, that pursuant to Local Rule 72.3(b), any objections were due within fourteen (14) days of service (i.e., by July 9, 2026)[6] and that the "failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise an appeal either to the district judge or in a subsequent appeal."  (Doc. No. 71 at PageID# 406.)

Jacobs signed her Objection and placed it in the mail on July 10, 2026.  (Doc. No. 72 at PageID#s 411, 422.)  It arrived at the Court and was docketed on July 15, 2026.  Even assuming that Jacobs's Objection is deemed filed on the day that she signed and mailed it (i.e., July 10, 2026), her Objection is nonetheless one (1) day late.  As such, this Court is under no obligation to consider it. *See, e.g., Tarpley v. City of Memphis,* 2026 WL 661716 at * 1 (W.D. Tenn. March 9, 2026) (noting that "when objections are untimely, district courts need not address the merits of the objections.") (citing *Keeling v. Warden, Lebanon Corr. Inst*., 673 F.3d 452, 458 (6th Cir. 2012)).  *See also Bosley v. 21 WFMJ Television, Inc*., 245 Fed. Appx 445, 450 (6th Cir. 2007) (explaining that a district court is "under no obligation" to consider untimely objections); *Ward v. Wayne County, Mich*. 2025 WL 1166867 at * 4 (6th Cir. Apr. 22, 2025) (explaining that "[w]hen a magistrate judge notifies parties that failure to raise a specific objection to her report and recommendation would result in waiver, parties must ... timely submit their specific objections for the district judge's review.  Failure to do so

---

[6] Fourteen days from June 22, 2026 is July 6, 2026.  However, as the R&R was served on Jacobs via regular mail, three days are added pursuant to Fed. R. Civ. P. 6(d), making the due date July 9, 2026.

results in waiver of any argument not contained in an objection ....")  Jacobs's Objection (Doc. No. 72) is therefore overruled as untimely.

Moreover, even if it were to consider Jacobs's untimely Objection, the Court would find it to be entirely without merit.  As Judge Armstrong correctly noted, Federal Rule of Civil Procedure Rule 37(d) provides that that a Court may sanction a party for failure to attend her own deposition.  *See* Fed. R. Civ. P. 37(d)(1)(A)(i).  Sanctions available are those enumerated in Rule 37(b)(2)(A)(i)-(vi), including (most notably) dismissal of the action in whole or in part.  *See* Fed. Rules. Civ. P. 37(b)(2)(A)(v) and (d)(3).  In addition, Rule 37(d)(3) authorizes awarding the injured party reasonable expenses, including attorney fees, caused by the other party's failure, "unless that failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(d)(3).

Four factors are to be considered in determining whether dismissal is an appropriate sanction for failure to comply with a discovery obligation or other court order:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Mager v. Wisconsin Central Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002)).  *See also Hill v. Garcia*, 2022 WL 4355138 at * 3 (E.D. Mich. Sept. 20, 2022).  "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct."  *Mager*, 924 F.3d at 837.  "Contumacious conduct refers to behavior that is perverse in resisting authority and stubbornly disobedient."  *Carpenter v. City of Flint*, 723 F.3d 700, 705 (6th Cir. 2013) (citation and internal quotation marks omitted).

Here, the Court finds that all four factors weigh heavily in favor of dismissal with prejudice. First, the Court finds that Jacobs's failure to either appear for her April 28, 2026 deposition, or meet and confer with counsel for Defendant regarding that deposition, was motivated by bad faith, willfulness, or fault. To satisfy the first factor, the conduct "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings." *Carpenter*, 723 F.3d at 705 (alteration in original) (quoting *Wu v. T.W. Wang, Inc*., 420 F.3d 641, 643 (6th Cir. 2005)). As set forth *supra*, the record reflects that Defendant has attempted, in vain, to schedule Jacobs's deposition since April 2025—well over a year ago. The record further reflects that counsel for Defendant repeatedly reached out to Jacobs to schedule her deposition via audiovisual means (i.e., Zoom) but that, again and again, Jacobs adamantly refused. Jacobs also refused to discuss the matter civilly with counsel for Defendant. Instead, Jacobs simply refused to cooperate, claiming that Defendant did not "have the right to my image." (Doc. No. 66-2 at PageID# 341.)

However, as Defendant repeatedly pointed out to Jacobs, Rule 30(b)(3) expressly provides that deposition testimony may be recorded by audiovisual means. *See* Fed. R. Civ. P. 30(b)(3). Jacobs cites no authority that she may unilaterally refuse to participate in a deposition because she does not agree with Defendant's method of recording. Moreover, and notably, Jacobs failed to file a motion for protective order raising this issue. Pursuant to Rule 37(d)(2), the failure to appear for a deposition "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2).

In light of the above, the Court rejects Jacobs's argument that she "was cooperative with having a deposition" because she agreed to sit for a stenographic deposition in May 2026. (Doc. No. 72 at PageID# 409.) Despite multiple opportunities to do so, Jacobs refused to engage in a meaningful

21

or civil meet and confer with counsel for Defendant to discuss and resolve her concerns regarding Defendant's preference for an audiovisual deposition.  Jacobs also failed to file a motion for protective order or otherwise properly object.  Instead, Jacobs accused counsel for Defendant of being unethical and threatened them with ethics complaints and lawsuits.  Based on the record before it, the Court has no hesitation in finding that Jacobs's conduct was willful, in bad faith, and contumacious.  The first factor, therefore, weighs heavily in favor of dismissal with prejudice.

The second factor (i.e., prejudice to Defendant) also weighs in favor of dismissal.  The Court fully agrees with Magistrate Judge Armstrong that Defendant has been prejudiced by Jacobs's actions because Defendant (1) devoted time and resources to preparing for a deposition that Jacobs failed to attend; and (2) was prevented from gathering evidence that would support its defenses against Jacobs's discrimination and retaliation claims.  The record is more than sufficient to demonstrate that Defendant was prejudiced as a result of Jacobs's conduct.

The third factor also weighs in favor of dismissal.  In its March 6, 2026 Memorandum Opinion & Order, this Court expressly warned Jacobs that "although she is proceeding *pro se*, she is responsible for understanding and following: (1) all Court Orders issued by Magistrate Judge Armstrong and the undersigned (including the requirements of Judge Armstrong's CMC Order (Doc. No. 12)); (2) the Local Rules for the Northern District of Ohio, including Local Rule 37.1; and (3) the Federal Rules of Civil Procedure." (Doc. No. 56 at PageID# 255.)  The Court also warned Jacobs that: "[S]he is required, like any litigant, to treat Court staff and opposing counsel with civility.  The Court notes in particular that, if counsel for Defendant seeks to engage in a meet and confer with Jacobs regarding a discovery dispute as required by Judge Armstrong's CMC Order (Doc. No. 12), Jacobs may not simply refuse to do so.  Rather, Jacobs must respond to any such requests with civility

22

and professionalism." (*Id*. at PageID# 256.)  Lastly, and importantly, the Court expressly warned Jacobs that **"failure to comply with any of the above directives may result in sanctions, including but not limited to dismissal with prejudice."** (*Id*.) (emphasis added).  The third factor is clearly satisfied here.

And, lastly, the Court finds that the fourth factor weighs in favor of dismissal with prejudice. This Court has carefully considered whether less drastic sanctions would be appropriate and concludes that they would not.  As Judge Armstrong noted, "there has been sufficient leniency extended in this case, including that the Court gave Ms. Jacobs every benefit of the doubt when she previously failed to appear for multiple proceedings." (Doc. No. 71 at PageID# 404.)  Again and again, the Court has cautioned and advised Jacobs to comply with her obligations under the Court's Orders, the Local Civil Rules, and the Federal Rules of Civil Procedure.  Jacobs simply refuses to do so.  And her refusal has caused both considerable delay and the expenditure of an enormous amount of judicial resources.  After careful consideration, the Court concludes that dismissal with prejudice is both appropriate and warranted.

Accordingly, and for all the reasons set forth above, Jacobs's untimely Objection (Doc. No. 72) is overruled.  Magistrate Judge Armstrong's June 22, 2026 Report & Recommendation (Doc. No. 71) is adopted as set forth herein.

Defendant's Second Motion for Sanctions (Doc. No. 66) is GRANTED as follows.  The Court grants Defendant's request for an award of $462.50[7] in expenses associated with Jacobs's failure to

---

[7] The Court notes that, in its Second Motion for Sanctions, Defendant requests sanctions in the amount of $438.00 and directs this Court's attention to an invoice from court reporter relating to Jacobs's April 28, 2026 deposition. (Doc. No. 66 at PageID# 330.)  The invoice is attached to the Second Motion for Sanctions as Exhibit A and is in the amount of $462.50. (Doc. No. 66-1 at PageID# 336.)  In light of the fact that invoiced amount for the deposition is $462.50, the

23

appear for the April 28, 2026 deposition.  (Doc. No. 66 at PageID# 330.)  Defendant supports this request by attaching an Invoice to the Second Motion for Sanctions, documenting the court reporter's fees associated with Jacobs's deposition.  (Doc. No. 66-1 at PageID# 336.)  The Court finds that Defendant is clearly entitled to these expenses and, further, that it has supported its request with sufficient documentation.  Moreover, although Rule 37(d)(3) states that monetary sanctions must be awarded "unless the failure was substantially justified or other circumstances make an award of expenses unjust," Jacobs has failed to offer any persuasive reason why Defendant should not be compensated for these expenses.

The Court is also inclined to grant Defendant's request for a further award of reasonable attorney's fees and costs relating to Jacobs's failure to appear at her April 28, 2026 deposition.  The Court does not, however, find that an evidentiary hearing is necessary.[8]  Rather, the Court finds that it can assess an appropriate award of attorney's fees, costs, and expenses based on further written submissions supported by relevant documentation.  **The Court therefore ORDERS as follows.**

**The Court will administratively close this case as of the date of this Order.  If Defendant intends to pursue a further award for reasonable attorney's fees and costs, it shall submit, by no later than August 16, 2026, an Application supported by Declaration(s) of counsel and appropriate supporting documentation, including time sheets, invoices, etc**.

**If Defendant does not timely file an Application for Attorney's Fees, Costs, and Expenses by August 16, 2026, the Court will reopen the instant action and promptly dismiss the**

---

Court construes Defendant's request for $438.00 as a typographical error.  As set forth above, the Court will award the amount set forth on the invoice, i.e., $462.50.

[8] *See, e.g., NPF Franchising, LLC v. SY Dawgs, LLC*, 37 F.4th 369, 377 (6th Cir. 2022) ("[W]hen exercising ...its authority to sanction under Rule 37, a district court need not give formal notice or hold a full evidentiary hearing.")

24

Complaint <u>with prejudice</u> pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v), (d)(1)(A)(i) and (3), on August 17, 2026.

If Defendant files an Application, Jacobs may file a Response by no later than fourteen (14) days after the filing of such Application.  Jacobs's response shall be limited to the issue of the reasonableness of Defendant's requested award and whether any "other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(d)(3).  Once the Application is fully briefed, the Court will reopen the case and rule on the parties' submissions. The Court will dismiss the instant action with prejudice promptly after resolving Defendant's Application (if filed) and Response.

Lastly, and in light of the above, Defendant's First Motion for Sanctions (Doc. No. 60) is DENIED AS MOOT and Jacobs's Motion to Strike (Doc. No. 69) is DENIED.

## IV.    Conclusion

For all the reasons set forth in this Order, Jacobs's untimely Objection (Doc. No. 72) is OVERRULED.  Magistrate Judge Armstrong's June 22, 2026 Report & Recommendation (Doc. No. 71) is ADOPTED as follows.  Defendant's Second Motion for Sanctions (Doc. No. 66) is GRANTED as set forth in this Order.  Defendant's First Motion for Sanctions (Doc. No. 60) is DENIED AS MOOT and Jacobs's Motion to Strike (Doc. No. 69) is DENIED.  The Clerk of Court is directed to administratively close the instant action.

IT IS SO ORDERED.


Date:  July 16, 2026

*s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE

25